(167 App. Div. 329)

### HANLEY v. JAMES BUTLER, Inc.   (No. 7236.)

(Supreme Court, Appellate Division, First Department.   May 7, 1915.)

NEGLIGENCE ☞136 — DANGEROUS PREMISES — CONTRIBUTORY NEGLIGENCE — QUESTIONS FOR JURY.

    Defendant had a grocery store and a butcher shop, between which were swinging doors, for use of customers. The floor of the butcher shop was $9\frac{1}{2}$ inches lower than that of the grocery store, and a platform on a level with the floor of the grocery store extended $13\frac{1}{2}$ inches beyond the doors. A customer, who had never before been in the butcher shop, passed through the door, stepped on the edge of the platform, and fell. *Held*, that whether she was negligent was a question for the jury, and the court erred in dismissing the complaint.

    [Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 277–353; Dec. Dig. ☞136.]

Appeal from Trial Term, New York County.

Action by Kate F. Hanley against James Butler, Incorporated, to recover damages for negligence. From a judgment entered on a dismissal of the complaint at the close of plaintiff's case, she appeals. Reversed, and new trial granted.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, DOWLING, and HOTCHKISS, JJ.

R. Dulany Whiting, of New York City, for appellant.

Elkus, Gleason & Proskauer, of New York City (Joseph M. Proskauer, of New York City, of counsel), for respondent.

CLARKE, J.   Defendant has two stores at 173 and 175 Amsterdam avenue, on the southeast corner of Sixty-Eighth street; 175, which

is on the corner of Sixty-Eighth street, is used as a grocery store, and 173 as a butcher shop. A doorway had been cut in the dividing wall between these two stores, fitted with double swinging doors, swinging in both directions upon double hinges. Each of these doors was 33 inches wide, had no handles, and was composed of wood and glass; the lower two feet being solid. The floor of the butcher shop, 173 Amsterdam avenue, was 9½ inches lower than the floor of the grocery store. The platform beneath the doors extends from the grocery store 13½ inches beyond the swinging doors, and then drops to the lower level of the butcher shop in a step of 9½ inches.

Plaintiff, a dressmaker living at 100 West Sixty-Ninth street, on the day in question was doing some shopping in the neighborhood. She had previously been in the grocery store, but had never been in the butcher shop. She went into the grocery store, and for the purpose of making a purchase pushed open the swinging doors to proceed into the butcher shop. As she pushed the door open, she made one step, and as she stepped her heel came on the edge of the platform, and she fell to the floor, receiving very serious injuries. There was nothing to call her attention to the difference in level; there were plain swinging doors, evidently intended to be used to give access from one department of the defendant's business to another. Accepting the invitation furnished by the doors as a customer of the defendant, and without warning or knowledge of the situation, she fell and received the injuries complained of.

At the close of her case the defendant moved to dismiss her complaint, upon the ground that she had failed to prove negligence on the part of the defendant and her own freedom from contributory negligence, which motion having been granted, plaintiff appeals.

We think the dismissal was error, and that the question of negligence should have been left to the jury. As stated in McRickard v. Flint, 114 N. Y. 222, 21 N. E. 153:

"It was the duty of the plaintiff to exercise reasonable care, and to take observation of that which was apparent to view as he proceeded. But what is due care and diligence depends upon circumstances. The same precautionary means requisite to relieve a party from the charge of negligence when he approaches known places of danger, or places where danger may be apprehended, may not be required of him when he has no occasion to suppose that danger may be encountered. It cannot be said that the plaintiff upon this occasion was required to apprehend that there might be an exposed elevator pit in the place where he entered. The fact that the door was partly opened enabled him to suppose it was a suitable place of entry, so that the question is whether not seeing it was necessarily negligence on his part. That is not so, unless he was required to stop and take careful observation of the place when he entered upon the threshold and before he proceeded to further enter into the room. * * * Here the plaintiff in stepping into the room, the first step he took after his entry onto the threshold at a partially opened door, received the injury from a cause which he had no apparent reason to expect and which he failed to see until too late to avoid the calamity."

The double swinging doors were obviously for the use of customers in passing from one department to the other. There was no reason to suppose that the two floors were on different levels. The step only 13½ inches wide beyond the doors, with a fall of 9½ inches, was created and maintained by the defendant. This, if not obviously faulty

construction, constituting a trap, at least raised a question in that regard for the consideration of the jury. The question of contributory negligence under the circumstances undoubtedly was for the jury.

The judgment appealed from should be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.