MABEL CLARK, Appellant, *v.* NEW YORK HOTEL STATLER COMPANY, INC., Respondent.

First Department, March 30, 1928.

**Inns and innkeepers — injury to guest — action for injuries suffered when plaintiff fell as she was leaving revolving door at entrance to defendant's hotel — ground of negligence alleged is that step at entrance was too close to door — plaintiff entered door while it was revolving and was struck by door as she was leaving — questions of negligence and contributory negligence were for jury — error for court to set aside verdict in favor of plaintiff.**

The plaintiff recovered a verdict for personal injuries suffered when she fell down a stone step upon emerging from a revolving door upon plaintiff's premises, a hotel, upon which she was an invitee.

It was error for the court to set aside the verdict of the jury on the ground that no cause of action was proven and that as a matter of law the plaintiff was guilty of contributory negligence in entering the door while it was revolving.

The theory of the plaintiff's case is that the defendant was guilty of negligence in placing the stone step so close to the revolving door. Whether or not a dangerous condition was thereby created was primarily a question of fact for the jury and it is evident from instructions asked for by the jury that their verdict against the defendant was based upon a finding that a dangerous condition was created by the proximity of the stone step to the door which constituted negligence.

Likewise, whether the plaintiff was guilty of contributory negligence in entering the door while it was revolving was for the jury to determine. It is common knowledge that people do enter revolving doors while they are in motion without injury and, furthermore, it appears that the door did not strike the plaintiff until she was about to emerge on the opposite side. If the door struck the plaintiff through the act of some third person in revolving it too swiftly that fact would not relieve the defendant from liability if the proximate cause of the injury was the proximity of the stone step to the door.

PROSKAUER, J., and DOWLING, P. J., dissent, with opinion.

APPEAL by the plaintiff from a judgment of the Supreme Court, entered in the office of the clerk of the county of Bronx on the 25th day of October, 1926.

*R. Gordon Mackay,* for the appellant.

*Clarence S. Zipp* of counsel [*E. C. Sherwood,* attorney], for the respondent.

FINCH, J. The plaintiff sustained personal injuries through falling down a stone step upon emerging from a revolving door on defendant's premises, upon which the plaintiff concededly was an invitee. The plaintiff sued the defendant in negligence, claiming that she was struck by the rapidly revolving door and fell because the place of the accident was dangerous in that the

revolving door was placed too close to a step leading to the sidewalk and that this step was not within the vision of persons leaving the defendant's premises by means of that door. The case was submitted to the jury upon the issues of negligence of the defendant and contributory negligence of the plaintiff. The jury found for the plaintiff in the sum of $1,000. This verdict the court set aside upon the ground that no cause of action was proven against the defendant and dismissed the complaint, but stated that if negligence was established, the plaintiff was guilty of contributory negligence as a matter of law in stepping into the revolving door while it was in motion, instead of waiting until it came to a stop; further expressing the opinion that the verdict was grossly inadequate in the event that a cause of action was established.

The jury, after they had retired, requested additional information regarding the distance between the outside edge of the revolving door and the edge of the step. Thus they plainly indicated their finding of negligence on the part of the defendant upon the fact that the proximity of the step in question to the revolving door created a dangerous situation. The plaintiff testified that she was thrown off her balance by this step at the immediate edge of the doorway. Whether the defendant maintained an exit inherently dangerous presented a question of fact for the jury. It was for the jury to determine whether the proximate cause of the accident was the location of the step in question. Whether the plaintiff was guilty of contributory negligence in entering the revolving door while it was in motion also presented a question of fact for the jury. It is common knowledge that revolving doors are for considerable periods of time constantly in motion and that they are commonly entered by the public while in motion. The plaintiff was not injured in entering the door. She testified she entered the door carefully and was struck after entry was completed and as she was about to emerge. Even though the act of some third person in revolving the door at an excessive rate of speed was a concurrent cause of the accident, that would not relieve the defendant from liability. As was said by Judge GRAY in *Sweet* v. *Perkins* (196 N. Y. 482, 485): " There may be more than one proximate cause of an accident, if each of the causes asserted can be seen to have been an efficient one, without which the injury resulting would not have been sustained. If the negligent acts of two, or more, persons concur in contributing to an accident, the injured person may hold them, jointly and severally, liable. Where concurrence in causes is charged, the test is, simply, could the accident have happened without their co-operation? "

A case in point, both upon the issues of negligence and of

contributory negligence under somewhat similar circumstances, is *Hanley* v. *Butler, Inc.* (167 App. Div. 329), where the court, by Mr. Justice CLARKE, said: " The double swinging doors were obviously for the use of customers * * *. There was no reason to suppose that the two floors were on different levels. The step, only thirteen and one-half inches wide beyond the doors, with a fall of nine and one-half inches, was created and maintained by the defendant. This, if not obviously faulty construction constituting a trap, at least raised a question in that regard for the consideration of the jury. The question of contributory negligence under the circumstances undoubtedly was for the jury."

It follows that the judgment appealed from should be reversed and a new trial granted, with costs to the appellant to abide the event.

MERRELL and McAVOY, JJ., concur; DOWLING, P. J., and PROSKAUER, J., dissent.

PROSKAUER, J. (dissenting). The nearness of the step to the revolving door was not the proximate cause of this accident. On the plaintiff's testimony, her fall was occasioned by the impact of a wing of the revolving door upon her. She was thrown to the ground, not because she stumbled or slipped upon the step, but because she was struck by the revolving door. Her injury was occasioned by no act or omission of the defendant.

*Hanley* v. *Butler, Inc.* (167 App. Div. 329) is not controlling. There there were two sets of double swinging doors; outside of the second set was a very narrow step with a fall of nine and one-half inches. As is stated in the opinion: " There was no reason to suppose that the two floors were on different levels; " and there was a situation from which a jury was to say whether there was not " obviously faulty construction constituting a trap." The plaintiff there fell because of the nature of the construction. No such situation exists in the case at bar.

For this reason the trial court correctly dismissed the complaint, and the judgment should be affirmed, with costs.

DOWLING, P. J., concurs.

Judgment reversed and a new trial ordered, with costs to appellant to abide the event.