## WATKINS v. PIGGLY WIGGLY BIRD CO.

Circuit Court of Appeals, Eighth Circuit.
March 18, 1929.

No. 8095.

Paul Barnett, of Kansas City, Mo., for plaintiff in error.

Leslie A. Welch, of Kansas City, Mo., E. C. Markel, of Philadelphia, Pa., and Hackney & Welch, of Kansas City, Mo., for defendant in error.

Before STONE and KENYON, Circuit Judges, and JOHNSON, District Judge.

JOHNSON, District Judge. A motion of defendant for judgment on the pleadings was sustained in the court below, and the case is in this court to review that ruling. It appears from the pleadings that defendant was operating a grocery store in Sedalia, Mo. The front door of the building in which the business was carried on opened upon the sidewalk of the street. The level of the floor of the building adjacent to the street was above the level of the sidewalk, how much is not alleged. A screen door swinging outward was maintained at the street entrance to the store.

Plaintiff alleged in her complaint that: "The door was so constructed that the drop or step down from the floor level to the sidewalk level was flush with the door and the defendant maintained a screen on said door, which screen was solid across the bottom part thereof so that it could not be seen from the inside of said door, when said screen was closed, that the drop or step down from the doorway to the sidewalk was even with the door. Plaintiff states that it is the usual practice in construction when the floor level is higher than the sidewalk to construct a step or platform beyond the doorway so that one steps onto a level surface when passing through the door and it is dangerous to so construct a door so that when the door or screen thereon is opened one immediately steps to a lower level."

On July 8, 1926, plaintiff entered the store from the street for the purpose of purchasing groceries. She alleged in her complaint that: "When the plaintiff had completed her business, she passed through the front door of said store to go outside, and pushed open the screen door, which swung outward, and at the same time took a step forward in the usual manner pursued by people passing through a door, but because of the screen and the wooden part on the bottom of the screen, the plaintiff could not see when she stepped forward that she was stepping to lower level and as a result she was thrown down and forward in such manner that her right shoulder was dislocated and the large muscle in her forearm was torn

loose and her arm, head, neck, shoulder and back were lacerated, bruised and injured."

Then follows the allegation that: "The defendant, in maintaining said door and screen in the condition aforesaid, was negligent; and said negligence directly resulted in plaintiff's injuries."

In its answer, the defendant denied generally all the allegations of the complaint except the allegations that it was a corporation in the grocery business at Sedalia, and that plaintiff entered the store at the time and for the purpose alleged in her complaint. In its answer, the defendant alleged affirmatively: "That whatever injuries plaintiff may have sustained happened in consequence of and were occasioned solely by the want of due and proper care, watchfulness and attention on her part, while she was in and upon the premises of the defendant and by reason of her failure to be watchful for her own safety; in this, that the only entrance to defendant's store and the one through which plaintiff passed in entering defendant's store, is on Ohio Street in the City of Sedalia, Missouri; that plaintiff had been a resident of Sedalia for many years and was thoroughly familar with the entrance to defendant's store and had used said entrance on numerous occasions before the 8th day of July, 1926; that on the said 8th day of July, 1926, and during the day time, plaintiff had entered defendant's store, using the entrance described in plaintiff's petition, had remained in said store but a short while, and in leaving said store, with full knowledge at the time of the condition of said doorway, conducted herself in such a negligent and careless manner as to cause such injuries as she may have sustained, without any negligence or carelessness or want of due and proper care on the part of defendant, its agents or servants thereto in any wise contributing."

In her reply plaintiff denied, admitted, and alleged as follows:

Denied: "That her injuries were occasioned or contributed to by any want of due care or by any negligence upon her own part, that she failed to be watchful for her own safety, that she was familiar with the entrance to defendant's store, that she had used said entrance on numerous occasions before the date when she was injured, that she left the store with full knowledge of the condition of said doorway, that she conducted herself in a negligent or careless manner."

Admitted: "That she entered defendant's store and used the entrance described in the petition on the day that she was injured."

Alleged: "That the screen on defendant's said doorway to its store opened outward and that when she entered said store she was compelled to pull said screen open toward her and to step back from the step which was flush with said screen when it was closed, and when she had pulled said screen door toward her and thus stepped back she could see the step in the doorway without giving it any particular attention, and when said screen was open and she had stepped back therefrom, then said step was noticeable to persons walking in the ordinary manner, but with said screen so opened there was nothing about said step which would attract the attention of the plaintiff to the fact that it was dangerously located; that said step was not dangerous with said screen open and was not calculated while said screen was open to cause a person entering said store and exercising ordinary care to notice that it was so located that it would be dangerous to one leaving the store when the screen was shut. By reason of said facts it was not the duty of plaintiff to notice that said step was so located as to be dangerous to persons leaving the store when the screen was shut and she did not notice such danger, and she did not charge her mind with the peculiar location of the step with reference to the screen. That when she left said store she was not apprehending any danger and had not noticed that said step was flush with the closed screen door and she had no reason to apprehend that said step was dangerously located."

The first question presented is, Do the facts alleged in plaintiff's complaint and reply make out a case of negligence against the defendant?

The second question presented is, Do the facts alleged in the complaint and reply of plaintiffs show that her own want of care was the sole or a contributing cause of her injuries?

It will be noted that the rise from the sidewalk to the level of the store entrance is not stated nor complained of as unusual or dangerous; nor is it alleged that the light was insufficient at the time of plaintiff's injuries, nor that anything about the entrance was out of repair.

In his brief, counsel for plaintiff says: "Plaintiff in error desires that the court clearly understand that plaintiff does not contend that it is negligence to maintain a step in order to connect different floor levels. This is such common ordinary construction that no person can be held liable for negligence merely because he maintains a step."

He then adds: "But if the step is in an

unusual position so that one will not be on the lookout for the step even before he sees it, and if in addition thereto, the location of the step is so concealed that it cannot be seen in time to avoid danger, then the question of negligence should at least be submitted to the jury."

From the allegations of the complaint and reply, and from counsel's brief, it appears that the concurrence of the following conditions in combination are relied upon by plaintiff as making out a case of negligence against the defendant:

(1) A street entrance to the store higher than the sidewalk.

(2) A screen door swinging outward, solid at the bottom.

(3) The absence of a step or platform, level with the threshold of the entrance, beyond or outside the doorway.

Does the concurrence of these conditions show negligence or want of reasonable care on the part of the defendant, where, as here, the rise from the sidewalk to the entrance was not unusual, the light sufficient, and the entrance in good repair? We think not. If the entrance to the store is flush with the property and street line, as is frequently the case, a step or platform beyond the doorway would be an obstruction of the sidewalk, and might render the defendant liable for injuries resulting to persons using the sidewalk. If the entrance to the store building was set back from the street line so as to allow room for a step or platform in front of the entrance and within the property line, it does not follow, as assumed by plaintiff, that the defendant was negligent in not maintaining such a step or platform, and accepting as true the allegation in the complaint that "it is the usual practice in construction when the floor level is higher than the sidewalk to construct a step or platform beyond the doorway so that one steps onto a level surface when passing through the door"; it does not follow that owners or occupants of store buildings are negligent who do not conform to this alleged practice. Certainly it is not unusual to find the sidewalk and the street entrance of stores, particularly in small places, on different levels, and, it may be added, without an outside step or platform in front of the entrance. The trouble with plaintiff's case is that allegations made by her are either obviously not true, or are false standards for the determination of the negligence of defendant and of her own want of care. It is obviously not true, as alleged by her, that "it is dangerous to so construct a door so that when the door or screen thereon

is opened one immediately steps to a lower level," unless such person fails to observe what is before him. It is no doubt true, as alleged by plaintiff in her complaint, that, "when the plaintiff had completed her business she passed through the front door of said store to go outside and pushed open the screen door, which swung outward, and at the same time took a step forward in the usual manner pursued by people passing through a door"; but it is obviously not true that "because of the screen and the wooden part on the bottom of the screen the plaintiff could not see when she stepped forward that she was stepping to" (a) "lower level."

Before she could step forward, she had to push the screen door open, at least to some extent, and the step-off from the threshold of the door to the sidewalk was then in plain sight, had she looked. It is undoubtedly true, as alleged by plaintiff in her reply, that when and as she entered the store "there was nothing about said step which would attract the attention of the plaintiff to the fact that it was dangerously located" for the very good reason that it was not dangerously located. She pulled the screen door back and entered the store, and no doubt she stated truthfully when she alleged in her reply "that said step was not dangerous with said screen open." This statement is true, whether the screen be opened for the purpose of leaving the store or of entering it. It was impossible to either enter or leave the store by this entrance without opening the screen door, if it was shut, and the step from the sidewalk into the building was not dangerous, as she herself says, with the screen open.

To avoid the charge of want of care on her own part, based upon her entrance through the street door a short time before being injured, she alleged in her reply that: "It was not the duty of plaintiff to notice that said step was so located as to be dangerous to persons leaving the store when the screen was shut, and she did not notice such danger, and she did not charge her mind with the peculiar location of the step with reference to the screen; that when she left said store she was not apprehending any danger and had not noticed that said step was flush with the closed screen door, and she had no reason to apprehend that said step was dangerously located."

■ This attempted avoidance of the charge of want of care on her own part is fallacious, in that it is based upon what she did not observe on entering the store and upon what she says she was not called upon to notice at that time, rather than upon what was in plain

sight and what she could have observed upon opening the screen when leaving the store. Upon opening the screen at that time, if she had observed, she would have seen the step-off to the sidewalk before stepping forward. On reaching the screen door, she pushed it open and stepped forward without looking, with the inevitable result in such cases—a hard fall and bodily injury. The proximate cause of her fall and injury was her inattention, and not because the step-off was dangerous in itself or in the conditions surrounding it.

In Hoyt v. Woodbury, 200 Mass. 343, 86 N. E. 772, 22 L. R. A. (N. S.) 730, the defendant owned a building consisting of two stores on the ground floor with a stairway between leading to the upper floors. The street in front of the building was on grade. To accommodate the entrances to the stores and stairway to the street grade, a rise or step was maintained in front of the building and between it and the sidewalk. The plaintiff stumbled over this rise or step while passing from the lower to the upper store, and brought suit to recover damages for her injuries. The court said:

"Persons entering this building were charged with knowledge that they were not entering from a perfectly level sidewalk, and that generally the floors of buildings are not of precisely the same elevation as the sidewalk, even where it is level. Customers entering or leaving stores cannot be unmindful of these almost universally prevailing conditions. Owners of buildings have a right to proceed in their constructions in view of this common observation on the part of the public and assume in the actions of those who may frequent their buildings the exercise of ordinary circumspection as to their footing. Steps of greater or less height are the usual, although not the only, means of overcoming such differences in level as existed in this case between the street and the entrance. People cannot expect upon land obviously in private ownership next a street the same condition that they might anticipate in a public sidewalk. In arranging an approach to the store wider at the street line and converging toward the door and the approach to the upper floors at a conveniently higher level with a low step in ordinary form between, the defendant violated no duty which he owed to the plaintiff."

In Hertz v. Advertiser Co., 201 Ala. 416, 78 So. 794, L. R. A. 1918F, 137, the business office of defendant was entered through a vestibule adjacent to and on a level with the street. A door from the vestibule opened into the office. A flight of steps led abruptly down from the door into the office. Plaintiff called at the office on business, opened the door, stepped forward, and fell down the stairs. She was injured, and brought suit to recover damages. There was evidence tending to show that it was dark inside the door and at the steps. The court said:

"Whether or not the vestibule or steps down which plaintiff fell were properly lighted on the occasion in question was disputed, and the question was submitted to the jury. The court nor the jury were not authorized to say or find that there was any negligence in the construction or maintenance of the building or premises, unless it was in the failure to have it properly lighted, on the evening of the accident. * * *

"If the premises were properly lighted, then, of course, there was no negligence, except her own; and if they were not properly lighted, she should have been more careful in going out of the vestibule into the main office building. She had no right to assume that the floor of the office building was on the same level as the floor of the vestibule. There was a door between the two apartments, and this of itself was a warning to those entering, who were not acquainted, to ascertain whether the floor to the main building was on a level with the vestibule and the sidewalk, or whether it was reached by ascending or descending steps. She is shown not to have exercised the slightest degree of care to ascertain what was beyond the door which separated the vestibule from the floor of the main office. Her own evidence shows that this door was shut, that she herself opened it, and stepped or walked right through as if the floors were on a level, and fell down the steps in consequence of her own negligence, in failing to ascertain whether or not there were steps or stairs connecting the two floors."

See, also, Albachten v. Golden Rule, 135 Minn. 381, 160 N. W. 1012; Main v. Lehman, 294 Mo. 579, 243 S. W. 91; Mullen v. Sensenbrenner Mercantile Co. (Mo. Sup.) 260 S. W. 982, 33 A. L. R. 176; Vogt v. Wurmb (Mo. Sup.) 300 S. W. 278.

All the cases cited by plaintiff have been carefully examined, and none found which permitted recovery for the maintenance of an entrance to a store such as is here complained of. In the cases cited by plaintiff, wherein the construction was at all similar to that maintained by the defendant in this case, recoveries were permitted because the light was

insufficient, or the opening into which, or the step from or over which, the plaintiff fell, was concealed in some way, or the attention of the person injured directed to merchandise on display, or a door opening into a basement, an elevator shaft, or other dangerous place by its location near another door, which the public was invited or the person complaining had the right to enter, became a trap for the ignorant.

The case cited by plaintiff in its facts most nearly similar to the facts in the present case is Hanley v. James Butler, 167 App. Div. 329, 153 N. Y. S. 39. In that case the defendant was mulcted in damages for maintaining a construction in all essentials the same as that which the plaintiff in this case alleges the defendant should have maintained. In the case cited, the defendant, James Butler, had a grocery store and a butcher shop with swinging doors between them. The floor of the butcher shop was 9½ inches lower than the floor of the grocery store. A platform 13½ inches wide was maintained in the butcher shop in front of the swinging doors on the level of the floor of the grocery store. The plaintiff, who had not visited the store before, in going from the grocery store to the butcher shop pushed open the swinging doors, and as she stepped forward her heel was caught on the edge of the platform. She fell and was injured. In her suit for damages the trial court submitted to the jury whether the maintenance of such construction was negligence. The appellate court, in sustaining this ruling, said:

"The double swinging doors were obviously for the use of customers in passing from one department to the other. There was no reason to suppose that the two floors were on different levels."

In the present case, the difference in level was between the sidewalk and the entrance to the store, and, as was stated by the court in Hertz v. Advertising Co., supra, plaintiff had no right to assume that the floor of the store building was on the same level as the sidewalk. But, aside from this, she had entered the store from the street only a short time before, and knew of the difference in the level of the sidewalk and the floor of the store.

Under the facts alleged in the pleadings of the plaintiff, we are satisfied the defendant was not negligent in maintaining the construction complained of, and we are equally satisfied that plaintiff's injuries were the result of her own want of care.

The judgment will be affirmed, and it is so ordered.