FANNIE M. HANSEN, RESPONDENT, v. CLARA L. BROWN, TRADING, ETC., IMPLEADED, APPELLANT.

Submitted May 26, 1939—Decided September 22, 1939.

For the appellant, *Townsend & Doyle* (*Mark Townsend,* of counsel).

For the respondent, *Francis A. Gordon* and *John M. Mackenzie.*

The opinion of the court was delivered by

PARKER, J. The respondent had verdict and judgment of $8,000 for injuries sustained by a fall while she was in a house leased by appellant, and operated as a restaurant. The fall was due, as claimed, and as the evidence tended to indicate, to the fact that in passing from the entrance hallway to a side room on the left, there was a step down of about eight inches at the doorway of the side room, the floor of that room being lower than that of the hall and of the room on the right, and that plaintiff being on the premises for the first time, not knowing of the step down and not seeing it, being a large heavy woman about eighty years of age, came down with a crash and sustained severe injuries. Suit was brought

against the owner-lessor of the premises as well as against the appellant, but there was a nonsuit as to the former which is not before us. As to the appellant, only two grounds of appeal are assigned, viz., refusal to nonsuit, and refusal to direct a verdict for defendant. We conclude that there was no error in either ruling.

The factual situation, as the jury were entitled to find it on the evidence, was substantially as follows: the house was an old one, dating from about 1800. The front door gave into a hall about six feet wide, with a staircase leading to the upper floor. On each side of the hall was a door opening into a side room; to the right, on the level of the hall; to the left, one step down, as already described. Both rooms were used for restaurant purposes, with the usual tables and chairs. The rooms on the upper floor were similarly used. There was usually a "hostess" stationed in the hall, where there was a desk, but when plaintiff entered the hall was vacant, the hostess having her lunch or taking a "rest hour." The plaintiff was accompanied by her son, his wife, and their two children. On entering the hall, they turned to the room on the right, a waitress in that room asked how many, and being told five, directed them to the left-hand room, where a waitress said "room for five here," or some such remark. Neither waitress nor anyone mentioned the step down, the plaintiff, leading the party, did not see it, failed to notice any difference in floor level, stepped into the room expecting a floor on the level of the hall, found none, and fell as a result. There was no placard or other appliance to call attention to the step; neither waitress mentioned it; plaintiff did not see it and was not looking for it; there was testimony that the light in the hall was dim (it was three-thirty P. M. on November 29th); plaintiff assumed a continuity of floor level; and there being none, she fell.

We consider that there were questions for the jury as regards both negligence and contributory negligence. The complaint against the lessor counted on a nuisance resulting from faulty construction, but the court held there was no nuisance and so charged the jury in submitting the case as

against the appellant. We need not decide whether this was erroneous, as the evidence on other phases of the case supports the verdict; but it may be well to note that an unusual construction may be classed as negligent, as in *Leech* v. *Hudson and Manhattan Railroad Co.*, 113 *N. J. L.* 366; 115 *Id.* 114, where each tread of a stairway had a "pocket" at the end; and in *Crouse* v. *Stacy-Trent Co.*, 110 *Id.* 124, where there was an unexpected step with no warning and inadequate lighting. In the present case there was the testimony of a qualified architect that a change in level at a doorway is not standard practice, and where necessary should be accompanied by some appliance to call attention to it. It may be safely said that anyone knows what a severe jolt may result from an unexpected step down, whereas if it is known beforehand there is none. We think that clearly there was evidence of negligence in failing to see to it that strangers invited to enter the room should have some warning of the change in level; and by the same token, the matter of contributory negligence in failing under the conditions to observe it, would be for the jury. We find no error, and the judgment will accordingly be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, BODINE, DONGES, HEHER, PERSKIE, PORTER, DEAR, WOLFSKEIL, RAFFERTY, JJ.   11.

*For reversal*—CASE, HETFIELD, WELLS, HAGUE, JJ.   4.