THE PEOPLE OF THE STATE OF NEW YORK ex rel. STANDARD COATED PRODUCTS CORPORATION, Respondent, v. JOHN DRISCOLL, Mayor, FRANK DAY and Others, Trustees of the Village of Buchanan, Westchester County, New York, Constituting the Assessors and the Board of Review of the Tax District Composed of the Village of Buchanan, Westchester County, New York, and Another, Appellants.— Order denying motion to quash writ of certiorari in a tax proceeding affirmed, with ten dollars costs and disbursements. Appellants' time to file their return is extended until ten days from the entry of the order hereon. No opinion. Lazansky, P. J., Hagarty, Johnston, Taylor and Close, JJ., concur.

CLEACY RICKS, Plaintiff, and CLAUDIA RICKS, Respondent, v. BROOKLANDS, INC., and LAWRENCE MANAGEMENT, INC., Appellants.— Action by the plaintiff wife to recover damages for personal injuries suffered as a consequence of being exposed to sulphur dioxide gas which escaped from a condenser of a refrigerating plant because of the alleged negligence of the defendants. Companion action of the husband for expenses and loss of services. Judgment of the City Court of Yonkers for the plaintiff wife unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Hagarty, Carswell, Johnston and Adel, JJ.

MAE SAVIGNANO and MICHAEL SAVIGNANO, Respondents, v. THE CITY OF NEW YORK and THOMAS E. MURRAY, as Receiver of INTERBOROUGH RAPID TRANSIT COMPANY, Appellants, and Another, Defendant.— Plaintiff wife had been a passenger on a subway train owned and operated by defendant Murray, as receiver. Having ascended the stairway to the street, she walked on a landing at the head of the stairway. When she had proceeded about four·feet she did not notice there was a step from the landing to the sidewalk and she fell and was injured. She obtained a verdict against Murray and the City of New York, and her husband also recovered for loss of services and for expenses. Said defendants appeal. Judgment reversed on the law and the facts, with costs, and complaint dismissed on the law, with costs. In our opinion the plaintiffs failed to establish negligence on the part of the appellants. The step from the landing to the sidewalk at the place where plaintiff wife fell was approximately six inches in height. Plaintiffs concede there was no defect in the landing or sidewalk, but contend the construction was defective in plan. The proof discloses that there are many such landings at the subway exits and the appellants showed that the landing in question was constructed approximately eighteen years ago and that there had been continued user without report or complaint of any accident. This proof negatived negligence arising out of claimed faulty construction. (De Salvo v. Stanley-Mark-Strand Corp., 281 N. Y. 333.) Lazansky, P. J., Hagarty, Carswell, Johnston and Adel, JJ., concur.