■ HUGH A. DUFFY et al., Respondents, v. OWEN A. MANDEVILLE, INC., Appellant-Respondent, and WILLIAM S. MALARICK, Appellant.— In an action to recover damages for personal injuries and for medical expenses and loss of services against Owen A. Mandeville, Inc., the owner of a building, and William S. Malarick, a tenant therein, each defendant served a cross complaint on the other for judgment over. The jury rendered a verdict in favor of each plaintiff against both defendants, and the court dismissed the cross complaints. Defendant Mandeville appeals from the judgment entered thereon, and defendant. Malarick appeals from said judgment, from the verdict, from an order denying his motion to set aside the verdict, and from an order granting the motion to dismiss his cross complaint. Judgment reversed on the law and the facts, with a separate bill of costs to each appellant, and complaint dismissed. On May 10, 1951 appellant Malarick, a dentist, was a tenant of an apartment in a building owned by the corporate appellant under a written lease. The apartment was located on the second floor and was used by Dr. Malarick and other doctors for the conduct of their practices. There were two ways to reach the apartment. One was through a street-level doorway immediately beyond which was a platform, to the right of which was a stairway leading up to the apartment. The apartment was directly at the top of the stairway, and there was no door there, so that the stairway served no other quarters but this apartment. Beyond the platform on its far side from the street-level door, straight ahead, was an area described as a foyer which, however, led to no other quarters. The floor of the platform was five and one-half inches higher than the floor of the foyer, and both floors were painted battleship gray. The side of the platform farthest from the doorway described an arc, swelling toward the foyer. The distance from that side of the platform to the doorway was three feet eight inches at the extreme right as one faced into the premises, and the distance gradually decreased toward the left. The door was two feet eight inches wide and was hinged on the left when faced from outside, so that when opened inwardly to a 90-degree angle its unhinged, or right, side extended about four inches beyond the said edge of the platform and to that extent overhung the foyer floor. Respondent Susanna J.

Duffy, one of Dr. Malarick's patients, accompanied by a friend, entered through this doorway early in the afternoon of the day in question to keep an appointment with him. It was raining, and Mrs. Duffy opened the door, stepped inside and, while holding the door open for her friend, stepped off the platform and fell. Although the door was open and the foyer had four windows and an overhead electric light, Mrs. Duffy's friend testified that it was "very dark" in this area, and Mrs. Duffy herself testified that no light was "illuminated" therein. There was some evidence that the building had been constructed about 1926 and that there had been no change in the structural condition of the platform and foyer in the 20 years that appellant Malarick had been the tenant of this apartment. There was also testimony by an engineer and architect that in his opinion even as long ago as 30 years construction of an entranceway such as this was to be avoided. In our opinion the construction was not a trap or obviously dangerous. The further proof that during the said period of 20 years no one other than Mrs. Duffy had fallen on this platform, that there had been no report to the building superintendent of any fall there as far back as 1930, that from 10 to 20 patients a day visited each of the doctors practicing in this apartment, and that at least 90% of the patients used this entranceway, requires a holding that as a matter of law the construction in question was not negligent, in accordance with the rule that " Continued user for a long period of time without any accident negatived negligence arising out of claimed faulty construction." (*De Salvo* v. *Stanley-Mark-Strand Corp.*, 281 N. Y. 333, 338; see, also, *Lafflin* v. *Buffalo & Southwestern R. R. Co.*, 106 N. Y. 136; cf. *Tontrup* v. *Rector Church Warden & Vestrymen of St. Bartholomew's Church in the City of N. Y.*, 291 N. Y. 804; *Savignano* v. *City of New York*, 263 App. Div. 823.) Appeals from orders dismissed, without costs. No such orders are printed in the record. Appeal from the verdict dismissed, without costs. No separate appeal lies from a verdict. Wenzel, Murphy and Ughetta, JJ., concur; Beldock, J., concurs in the dismissal of the appeals from the verdict and the orders, but dissents insofar as the judgment is reversed and the complaint dismissed, and votes to affirm, with the following memorandum: In my opinion, there was a question of fact for the jury on the issue of negligence (*Clark* v. *New York Hotel Statler Co.*, 223 App. Div. 237, affd. 253 N. Y. 583). Nolan, P. J., not voting.