Lottie **JAUDON**, Appellee,

v.

F. W. **WOOLWORTH CO.**, Appellant.

No. 8550.

United States Court of Appeals
Fourth Circuit.

Argued March 30, 1962.

Decided May 17, 1962.

---

William H. Grimball, Jr., Charleston, S. C. (Figg, Gibbs & Grimball, Charleston, S. C., on brief), for appellant.

Arthur Rittenberg and J. Mitchell Graham, Charleston, S. C. (Rittenberg, Seymour & Graham, Charleston, S. C., on brief), for appellee.

Before BOREMAN and BELL, Circuit Judges, and FIELD, District Judge.

BOREMAN, Circuit Judge.

On July 23, 1960, Lottie Jaudon, then 75 years old, entered the Woolworth store in Charleston, South Carolina, intending to purchase a green plant to take to a sick friend. For Mrs. Jaudon, such a seemingly casual event was but the beginning of a series of unexpected happenings, including a fall down a step in the store, a resulting injury, an operation for the repair of a broken hip, an extended stay in the hospital, litigation in the District Court, a $16,029 judgment and award by that court in favor of Mrs. Jaudon and the present appeal from such judgment by the defendant, F. W. Woolworth Co.

After entering the store, Mrs. Jaudon did not immediately find the item she wanted. Upon inquiry, she was directed and preceded by defendant's employee, a saleslady, to the plant department or garden shop which was located in a separate section off the main floor of the store. This was Mrs. Jaudon's first visit to that section.

The approach to the garden shop from the main store area consisted of three 6½ inch steps which led up to a small platform inside the main storeroom where two doors, each 2½ feet wide, marked the entrance to the garden shop. These doors were closed. The saleslady pushed open the door to the left, walked through to the other side, and held it open for Mrs. Jaudon who was following. The saleslady, meanwhile, was standing at the edge of a circular or fan-shaped platform inside the plant department. The door, when held open at approximately ninety degrees, extends almost to the curved edge of the circular platform, which edge is three feet ten inches from the center of the double doors. The platform, 6½ inches above the floor level, was painted fluorescent yellow to contrast with the blue floor of the garden shop. No signs warned of the step-down, nor did the saleslady warn Mrs. Jaudon of the platform step.

Mrs. Jaudon walked through the door held open for her, veered slightly to her right, took about two or three steps and fell to the main floor of the garden shop. As a result of the fall, Mrs. Jaudon fractured her hip and was hospitalized about three weeks. An operation was performed on the injured hip and a steel nail inserted to hold the hip together. At the time of trial, the nail remained in the bone and was continuing to cause plaintiff some pain. While in the hospital, plaintiff suffered a stroke which, according to the medical testimony, was causally connected with plaintiff's fall. Because of plaintiff's age and impaired physical condition, it is impracticable to remove the steel nail to alleviate the resulting pain. By the time of trial, Mrs. Jaudon was able to walk haltingly with the aid of a cane, which she did not use prior to the accident.

The District Court tried the case without a jury, found for the plaintiff and entered judgment in her favor for $16,029,

actual damages. The issue of punitive damages was removed by stipulation.

As defendant poses the questions for our consideration, we are asked to review and re-evaluate the evidence purporting to show defendant's negligence and plaintiff's contributory negligence. The defendant argues that there was insufficient evidence to support the finding of negligence on its part and ample evidence of plaintiff's contributory negligence, which caused her fall. Since we conclude that the District Court's findings on both points are supported by substantial evidence, we must affirm.

From the evidence the District Court concluded that defendant was negligent in failing to warn plaintiff, either orally or by an appropriately placed sign, of the step-down in the garden shop. The attractively arranged displays in the shop caught Mrs. Jaudon's eye as she passed through the door held open for her by defendant's employee. Since the purpose of her visit to the store was to purchase a plant, it was reasonably foreseeable that, absent a warning of some kind, Mrs. Jaudon's attention might be focused upon the offered merchandise and thus so diverted that she might not notice the difference in level between the platform and the floor.

The District Judge had no difficulty in reaching the conclusion that the defendant was negligent in maintaining the premises as it did and without effectively warning customers of the condition. With respect to the contributory negligence issue, however, he explained his finding as follows:

"* * * The difficult question is whether or not the defendant has established its affirmative defense of contributory negligence on the part of the plaintiff. In the absence of any warnings whatsoever other than the contrast in the coloring of the platform and the main floor of the flower department and the plaintiff's attention being diverted to the display in the storeroom at the time, the Court cannot see that the plaintiff herself was guilty of contributory negligence in failing to observe the difference in elevation of the platform of the store level which contributed as a proximate cause to her resulting injury and damage."

As the South Carolina Supreme Court recently pointed out in Bruno v. Pendleton Realty Co., S.C., 124 S.E.2d 580 at 584 (decided March 14, 1962):

"It is firmly established in this jurisdiction that if the inferences properly deducible from the evidence are doubtful, or if they tend to show both parties guilty of negligence, and there may be a fair difference of opinion as to whose act produced the injury complained of as a direct and proximate cause, then the question must be submitted to the jury. Peagler v. Atlantic Coast Line Railroad Co., 234 S.C. 140, 107 S.E.2d 15."

Here the trial judge acted in lieu of a jury as the trier of fact. We cannot say as a matter of law that the judge erred in his decision with respect to the contributory negligence issue.

The legal principles governing this case are not questioned. It is clear that under the law of South Carolina, which is to be here applied, a storekeeper is not an insurer of the safety of his customers. Mullen v. Winn-Dixie Stores, Inc., 252 F.2d 232 (4th Cir. 1958). He owes them the duty to keep those parts of the premises ordinarily used by customers in a reasonably safe condition. Bagwell v. McLellan Stores Co., 216 S.C. 207, 57 S.E.2d 257, 260 (1949). Where a dangerous condition in premises is latent and is one of which the owner knew or should have known, and is unknown to invitees, the owner is required to give proper warning in order to relieve himself from liability for injuries incurred by reason thereof. Bruno v. Pendleton Realty Co., supra.

We are of the opinion that these principles were properly applied by the District Court.

Affirmed.