176 So.2d 554 (1965)
Lydia MILBY and Howard Milby, her husband, Appellants,
v.
PACE PONTIAC, INC., a Florida Corporation, Appellee.
No. 4951.
District Court of Appeal of Florida. Second District.
June 11, 1965.
Rehearing Denied July 9, 1965.
*555 Tom J. Johnson, Jr., Tampa, for appellants.
John S. Matthews, of Macfarlane, Ferguson, Allison & Kelly, Tampa, for appellee.
ANDREWS, Judge.
The plaintiffs, Lydia and Howard Milby, appeal an order dismissing their first amended complaint for damages against the defendant, Pace Pontiac, Inc.
The plaintiffs, brought suit against the defendant Pace Pontiac, Inc., to recover damages for injuries sustained by Lydia Milby when she slipped and fell as she entered the defendant's building. The plaintiffs alleged in their complaint that the defendant was in exclusive possession and control of certain lands and buildings; that the defendant disregarded its duty to maintain the entrance to the building in a reasonable condition and maintained a dangerous, unsafe and obscure drop-off immediately inside the entrance to the doorway; that there was no noticeable difference in color between the outside level and the inside level; that the condition constituted a hidden and dangerous defect and the defendant failed to provide sufficient warning thereof; that the defendant was put on notice that the dangerous situation existed because of other people having fallen in the same place. The complaint also alleges that the defendant was negligent in that its agents or employees distracted the plaintiff by opening the door to the building to allow her to enter, and as a result of the condition of the step she was unable to see the danger "even though the plaintiff was careful and observant." It is further alleged that the defendant was negligent in that it had been placed on notice as much as twelve years ago to correct the step in that at the exact spot another person fell on the same step. The plaintiff specifically referred to Mollie K. Bowles. See Bowles v. Elkes Pontiac Company, Fla. 1952, 63 So.2d 769.
The defendant moved to dismiss the complaint on the grounds that it failed to state a cause of action, that it did not appear from the allegations of the complaint that the defendant violated any duty to the plaintiffs which proximately caused the injuries complained of, and that it affirmatively appeared from the allegations of the complaint that the condition described was open and obvious, and that, therefore, the plaintiff was contributorily negligent as a matter of law. The trial court granted the motion, but did not state the grounds upon which it was granted.
The question on appeal is whether the trial judge erred in dismissing the plaintiffs' amended complaint.
It is difficult to determine precisely the basis of the decision in the Bowles v. Elkes Pontiac case, supra. It appears that it rested on one or all of the following: (1) No negligence on the part of the defendant, (2) Contributory negligence on the part of the plaintiff, as a matter of law, appearing on the face of the complaint, or (3) The plaintiff's failure to plead that she "looked or took any other precaution, to see the condition which existed before she entered" the premises.
City of Jacksonville v. Stokes, Fla. 1954, 74 So.2d 278, and the cases which have followed that decision make it clear that the dismissal in the case sub judice could not properly be based on the plaintiff's contributory *556 negligence. In that case it was held that a person
"* * * is not careless in failing to avoid harm unless he is actually warned or the circumstances warn him. The mere fact that a hole is big enough to see does not settle the question whether one should have avoided stepping into it. If visibility alone settled contributory negligence every case of slipping on a floor or of encountering any stationary object would automatically be a case of non-liability for in all these cases the condition which caused the harm was visible. The question always is whether the plaintiff used due care for his own safety, taking into account all the circumstances, of which the visibility of the object encountered is an important one, but still only one of the circumstances.
"The question is whether one should be aware of the danger. This depends largely upon the likelihood of encountering danger. Very rarely do objects from above cause us harm, so persons are not careless who do not go about examining the sky. One need not look for danger unless there is reason to expect it."
In the Stokes case, supra, and in City of Palatka v. Woods, Fla. 1955, 78 So.2d 562, 563, Justice Mathews dissented on the authority of the Bowles case and Matson v. Tip Top Grocery Co., Inc., 1942, 151 Fla. 247, 9 So.2d 366. Those cases were rejected by the majority, and it appears that insofar as they relate to contributory negligence, those cases have been impliedly overruled.
Inasmuch as the plaintiff herein alleged in her complaint that she looked, the defective pleading which existed in the Bowles case is not present. Therefore, the Bowles case can only support the action of the trial court in the instant case on the theory that the defendant was not negligent, as a matter of law. This court, as well as the Supreme Court, has on various occasions pointed out that multiple floor levels are relatively common in public buildings and should be anticipated by prudent persons. Jahn v. Tierra Verde City, Inc., Fla.App. 1964, 166 So.2d 768 (sunken living room); Matson v. Tip Top Grocery Co., Inc., supra (raised lunch counter). In Matson the Supreme Court stated that "[s]uch construction, when within reason, is not a breach of duty in the sense of failure to use due care," and in Hoag v. Moeller, Fla. 1955, 82 So.2d 138, the Court stated that "difference in floor levels does not of itself constitute failure to use due care." The defendant maintains that this is in accord with the weight of authority citing 65 A.L.R.2d 482, and quoting from § 8 thereof, states:
"* * * And the courts are agreed that negligence on the part of the proprietor is not established by proof of nothing more than the presence of a step-down or change in floor level within the business premises." (Emphasis supplied.)
We agree with the foregoing general propositions. It is not negligence per se to have in a store or other building one floor at a lower level by a few inches than another, nor does it amount to negligent construction, unless the character, location or surrounding conditions of the step-down is such that a prudent person would not be likely to anticipate it. Warner v. Hansen, 1960, 251 Iowa 685, 102 N.W.2d 140; 65 C.J.S. Negligence § 81c(2).
Due to the character and location of the step-down in question, we are of the opinion that reasonable men could conclude that the defendant was negligent. Merrill v. Buck, 1962, 58 Cal.2d 552, 25 Cal. Rptr. 456, 375 P.2d 304; Jaudon v. F.W. Woolworth Co., 4 Cir.1962, 303 F.2d 61; Wood v. Prudential Insurance Co. of America, 1942, 212 Minn. 551, 4 N.W.2d 617; Peters v. Schillig-Scott Lumber Co., 1941, 107 Colo. 310, 111 P.2d 898; Hixenbaugh v. J.G. McCrory Co., 1941, 145 Pa. *557 Super. 586, 20 A.2d 910, 21 A.2d 242, dissenting opinion; Hansen v. Brown, 1939, 123 N.J.L. 223, 8 A.2d 330; Hanley v. James Butler, Inc., 1915, 167 App.Div. 329, 153 N.Y.S. 39. It was, therefore, error to dismiss the plaintiff's amended complaint. Sanford v. Firestone Tire and Rubber Co., Fla.App. 1962, 139 So.2d 916. In the Hanley case, supra, the plaintiff fell on a step-down which extended 13 1/2 inches beyond a door. The difference in floor levels was 9 1/2 inches. The court in reversing a directed verdict for the defendant, stated:
"* * * There was no reason to suppose that the two floors were on different levels. * * * This, if not obviously faulty construction, constituting a trap, at least raised a question in that regard for the consideration of the jury. The question of contributory negligence under the circumstances undoubtedly was for the jury. * * *"
It should be especially noted that it is alleged that the dangerous hazard existing at the entrance to the defendant's place of business constituted a "concealed" or "hidden danger" and that the defendant should have warned of this condition. The members of the Supreme Court that decided the Bowles case were in obvious disagreement as to whether the step in question was "hidden' or "obvious." Justice Drew thought that was the very question to be decided and that inasmuch as it was questionable, the issue should have been submitted to the jury. Justice Mathews, on the other hand, thought it was "patent and obvious." Whether the plaintiff was exercising due care and whether the defendant owed a duty to warn is not determined by deciding that the object or condition was "latent" or "patent." The "latency" or "patency" of the condition and the defendant's duty to warn is determined by asking the question: Would a reasonable and prudent person, exercising due care, have observed the object? This court has recently stated that an object is hidden or latent if it is "one which could not be discovered by the exercise of reasonable care," Grall v. Risden, Fla.App. 1964, 167 So.2d 610, cert. denied Fla. 1965, 174 So.2d 736, filed May 5, 1965, or from "a casual observation of the premises." Kagan v. Eisenstadt, Fla.App. 1957, 98 So.2d 370. Unless this question can be answered as a matter of law, as was the case in Grall v. Risden, supra, we think it should be decided by the jury. Peters v. Schillig-Scott Lumber Co., supra; Bowles v. Elkes Pontiac Co., dissenting opinion; Merrill v. Buck, supra; Crocker v. WTAR Radio Corp., 1953, 194 Va. 572, 74 S.E.2d 51.
For the foregoing reasons we hold that the trial court improvidently dismissed the plaintiffs' amended complaint, and the order appealed should be reversed.
Reversed.
ALLEN, Acting C.J., and STURGIS, WALLACE E., Associate Judge, concur.