## TEBAY v. MORRISON.
### No. 14067.

Court of Civil Appeals of Texas.
Fort Worth.
April 5, 1940.

Rehearing Denied April 26, 1940.

Marshall & King, of Graham, for appellant.

Fred T. Arnold, of Graham, for appellee.

BROWN, Justice.

Appellee, A. A. Morrison, who is the sole owner of Morrison Funeral Home, and engaged in the business of an undertaker, brought suit against appellant, H. M. Tebay, on an open account for merchandise sold and services rendered, aggregating $231.50, and covering a casket, embalming services, a suit of clothes and of underwear, grave lining and the use of a hearse and family car.

When the defendant leveled exceptions and pleas to the original petition because it failed to disclose for whom the merchandise and services were rendered, and who ordered same from the plaintiff, he then filed a Supplemental Petition, in which he alleged that he had a clerk in his employ named E. E. Durham, who was his duly authorized agent in the conduct of his undertaking business, and "that H. M. Tebay was on said date doing business in the town of Graham under the name of Tebay Tool Company, of which he is the sole owner, and that on such day and date one F. H. Lundy was the duly authorized and acting agent for the said H. M. Tebay. That Leslie Holcomb was on or about the 6th day of January, an employee of the said H. M. Tebay, and that the said Leslie Holcomb died. That after the death of the said Leslie Holcomb that F. H. Lundy, acting for and on behalf of H. M. Tebay, instructed this plaintiff or his agent, E. E. Durham, to go to the house of the said Leslie Holcomb and take charge of his body and embalm it and bury it and charge it either to H. M. Tebay or to Tebay Tool Company, all of which was the same."

Agency and authority of Lundy was denied by Tebay, under oath, as was the verified account sued upon.

The cause being tried to a jury, the trial court only submitted two special issues. The first issue is: "Do you find from a preponderance of the evidence that before the actual delivery of the items in the account sued upon, F. H. Lundy, acting

for the Tebay Tool Company, told E. E. Durham, an employee of A. A. Morrison, to charge such account to the Tebay Tool Company on the books of the Morrison Funeral Home?" (The jury answered "Yes".)

Among the objections to the court's charge we find that the defendant specifically points out the fact that this Issue No. 1 assumes that F. H. Lundy was an authorized agent for Tebay Tool Company with previous authority to charge the Holcomb funeral bill to Tebay Tool Company; and such charge is on the weight of the evidence.

Were it not for the unqualified statements made by Mr. Tebay on the witness stand, the objections would be good.

He said, when asked, "If Mr. Lundy instructed Morrison's to furnish these supplies and bury the body and agreed that Tebay Tool Company would pay for them, you would pay the bill, wouldn't you?" "Yes, if he did give those instructions."

"Q. If he gave those instructions, you will pay the bill? A. Yes, sir."

"Q. You are not denying Mr. Lundy had authority to make that agreement, if he did make it? A. No, sir."

"Q. The only thing you are denying is that he did not make the agreement? A. Yes, sir."

Lundy admitted that he told Durham that Holcomb was dead, "and to go down and get his body." When asked why he did that, he replied that he "knew somebody had to bury him." This witness further said that after telling Durham what he testified to, he went back to the office of Tebay Tool Company and, "Mr. Tebay and the rest of them were there at the office when I got back and I told them what I had done."

As we see it, under this record, there was but one issue for the jury, viz., Did Lundy tell the plaintiff's agent to charge the account to Tebay Tool Company? All else is admitted, and the jury found that Lundy so told Durham.

Any evidence admitted that was subject to the hearsay rule constituted harmless error, since no issue was submitted touching such testimony.

The defendant having pleaded that the account was barred by the Statute of Limitations of two years (Art. 5526, R.C. S.), the second issue submitted was bottomed on that pleading and the jury found against the defendant.

There was no error in refusing to give defendant's requested issue No. 2, asking the jury to find whether or not the plaintiff or his attorney used reasonable diligence in having citation issued and served, after the suit was filed. It appears that the suit was filed within the statutory time, and, on the testimony, the jury so found, but the issue of negligence in causing the citation to be issued and served, is a different question and must be specially pleaded. This was not done.

We find no error requiring a reversal and the judgment must be affirmed. It is so ordered.