MATHEWS, Justice.
This case involves the liability of a municipality because of the condition of steps leading into the City Hall. The declaration alleged negligence because the City “permitted treads of said steps to be worn slick and smooth”.
A motion to dismiss the amended complaint was granted on the ground that the allegation of the declaration was insufficient as a matter of law to impute negligence to the defendant City. Final judgment was entered, and this appeal is prosecuted from such judgment.
The Court takes judicial notice of the fact that the City Hall' in the City of Jacksonville is an old building and that most of the citizens of Jacksonville having business with the municipality, transact such business at the City Hall. Electric light bills, water bills and taxes are paid in the City Hall. The City Council chamber and the offices of the City Commission, Tax Assessor, Treasurer, Tax Collector, etc. are located in the City Hall. The main entrance to the building is by means of the steps, mentioned in the declaration, leading from the Forsythe Street entrance onto the ground floor of the City Hall.
The declaration contains no allegation of any positive act on the part of the City. There is no allegation that the steps had recently been washed or polished and were slick and smooth by reason thereof. There *53 is no allegation that the steps were improperly constructed or that the material used in the construction was not the proper kind of material, or that there was a hole in the steps, or that said steps were broken or had any hidden defect which caused the plaintiff-appellant to fall. There is nothing more than the bare allegation that the plaintiff, after having transacted her business, departed from the building by means of the steps and that the defendant had allowed and permitted the treads of said steps to be “worn slick and smooth” and that she did not know of the condition of the said steps; that by reason of the condition of said steps, she slipped and fell and, therefore, the City should pay.
It is a matter of common knowledge that constant use of steps, although properly constructed of proper material, will cause such steps to become slick and smooth. The steps leading into the Supreme Court Building and most of the floors in such building are slick and smooth. The same can be said with reference to multiplied thousands of public buildings throughout the State of Florida. The hardwood floors or marble floors in countless homes, hotels and other buildings throughout Florida are smooth and slick. It might be possible for public authorities, owners of buildings and homes to cause such steps and floors not to be slick and smooth by the application of tar or other material, or the sprinkling of sand or gravel thereon, or permitting sufficient dirt to accumulate to destroy the smoothness, but no such obligation or liability is placed upon those having charge of such building.
This case is a good illustration of the thought that every time someone is injured, someone else should pay for the injury. Before there can be a recovery for an injury of this kind, the allegations must show some negligence on the part of the defendant. In this case the complaint falls far short of any allegations imputing negligence to the defendant.
Affirmed.
ROBERTS, C. J., TERRELL, J., and GIBLIN, Associate Justice, concur.