WIGGINTON, Judge.
Plaintiff has appealed fr^m a judgment of non suit taken after the trial judge announced his intention to grant defendant’s motion for a directed verdict at the conclusion of plaintiff’s evidence. The sole question on appeal is whether the court erred in determining that plaintiff’s evidence failed to make out a prima facie case of negligence, and that a verdict should be directed in defendant’s favor.
The evidence adduced on behalf of plaintiff, and all reasonable inferences arising[1] therefrom, reveal the following factual situation. Plaintiff, a boy seven years of age, together with several minor companions, was riding in a mule drawn wagon along an unpaved county road in Washington County. The wagon, which measured five feet across from wheel to wheel-, was proceeding along the righthand edge of the road in a southerly direction. In the area where the injury occurred the road was approximately nineteen feet wide. The accident occurred shortly after noon on a bright clear day. Defendant was operating a motor vehicle in a northerly direction toward the mule and wagon at a speed between 45 and 50 miles an hour. The wagon was clearly visible to defendant for a distance of 500 feet before they reached the point where the injury occurred. At some undetermined distance before defendant’s vehicle reached the oncoming wagon, plaintiff dropped a toy pistol which struck the left wheel of the wagon and bounced onto the road, coming to rest at about the center thereof. Plaintiff jumped over the side of the wagon toward the center of the road for the purpose of retrieving the toy. After recovering his toy, plaintiff turned back and attempted to reach the wagon, but before doing so was struck by defendant’s vehicle and was severely injured. Two of plaintiff’s witnesses testified that the point of impact occurred over the centerline and on the side of the road upon which the wagon was traveling. From this evidence the jury could have reasonably inferred that defendant drove his vehicle across the centerline of the road onto his left side thereof, and was in the wrong lane of traffic at the time of impact. Considering the width of the road together with the width of the wagon, *12 a jury could have found that there existed a space of four feet between the wagon and the centerline of the road, and that it was within this four foot area that plaintiff was struck and injured.
It is the settled law of this state that in passing upon a motion for directed verdict, the trial court must accept as true all facts shown by the evidence, as well as all inferences reasonably deducible therefrom, considered in a light most favorable to the non-moving party.[1] Upon .such consideration the court must determine whether the evidence makes out a prima facie case entitled to jury consideration.
We are of the view that in consideration of the evidence relative to the condition and width of the road, the speed of defendant’s vehicle, the position of defendant’s vehicle on the road at the point of impact, the absence of any evidence indicating that defendant took evasive action to avoid striking plaintiff, the positive evidence indicating that defendant made no attempt to decrease the speed of his vehicle or apply his brakes in an effort to stop before striking plaintiff, the jury could have lawfully concluded that defendant violated the rules of the road or his conduct was inconsistent with that of a reasonable and prudent man under the circumstances. If so, the jury could have found defendant guilty of negligence and therefore responsible for the injuries suffered by plaintiff. It is our opinion that the evidence made out a prima facie case of negligence on the part of defendant, and the trial judge erred in his announcement that a verdict would be directed in defendant’s favor.
The record reveals that prior to trial defendant brought on for hearing before the court his motion for summary judgment. In opposition plaintiff submitted an affidavit by the key eye witness wlm later testified on his behalf during the trial. The facts as stated in the witness’ affidavit in opposition to the motion for summary judgment varied in some respects from the witness’ trial testimony. After plaintiff rested his case and defendant’s counsel formally moved for a directed verdict, the trial judge stated:
“Well, I nearly granted your motion the other day, but there is a whole lot of facts here today, other than the other day. This man Givens has testified today absolutely different from the affidavit he gave several days ago, in two or three instances. He said the accident happened in front of his house. I am inclined to grant the motion, Mr. Belser. I don’t think there is any proof of negligence on the part of this defendant. I will allow you to take a non-suit.”
From the foregoing statement of the trial judge it seems apparent that he gave great weight to the discrepancy between the facts as stated in the affidavit given by the witness Givens in opposition to defendant’s motion for summary judgment, and the testimony given by this witness on the trial of the cause. It likewise seems apparent that the trial judge considered these discrepancies sufficient to completely discredit the witness’ trial testimony without which a case of liability had not been established. We cannot say with certainty whether this is the reason why the trial judge concluded that a verdict of not guilty should be directed in defendant’s favor. In view of the evidence, however, we can find no other reasonable explanation. It has been repeatedly held that the weight to be given the evidence adduced on trial, and the credibility of the witnesses who testify, lies solely within the province of the jury. In passing upon a motion for directed verdict the trial judge is not privileged to usurp the jury’s function by weighing the evidence or judging the credibility of the witnesses testifying before him.[2] Any discrepancy which *13 may appear between the affidavit given by the witness before trial, and the testimony given by him during the trial, goes only to the witness’ credibility. While this is a factor the jury may lawfully consider in determining which witnesses it will believe and those which it will disbelieve, it cannot be considered by the court in passing upon a motion for directed verdict.
For the foregoing reasons the judgment appealed is reversed and the cause remanded for new trial.
CARROLL, DONALD K., C. J., concurs.
STURGIS, J., dissents.

. Budgen v. Brady, (Fla.App.1958) 103 So.2d 672; Cadore v. Karp, (Fla.1957) 91 So.2d 806.

. Duval Laundry Co., Inc. v. Reif, 130 Fla. 276, 177 So. 726.