167 So.2d 610 (1964)
Bernard F. GRALL, Appellant,
v.
Joseph RISDEN, Jr., d/b/a Risden's Restaurant, Appellee.
No. 4539.
District Court of Appeal of Florida. Second District.
September 30, 1964.
Rehearing Denied October 30, 1964.
*611 Farish & Farish, West Palm Beach, for appellant.
Jones, Adams, Paine & Foster, West Palm Beach, for appellee.
*612 ANDREWS, Judge.
Summary judgment was entered by the lower court against the plaintiff, and this appeal is from that judgment.
The defendant's restaurant, the place where the injuries complained of were sustained, fronts on Royal Poinciana Way, a major highway in Palm Beach, Florida. At the entrance to the restaurant there is a canvas canopy that extends from the front of defendant's establishment across the sidewalk to the curb. The canopy is supported by two vertical pipes which extend from inside the canopy down to the sidewalk. Diagonal rods, referred to as "tie-rods," run from about the middle of the vertical pipe down to the sidewalk at a 45° angle. Two flower pots, containing plants approximately five feet high, were placed by these pipes, their exact position being in dispute. The plaintiff stated in his deposition that the diagonal "tie-rod" extended beyond the flower pot by "eight or ten inches."
The plaintiff's deposition discloses that he lunched at the defendant's restaurant on the average of once a week in the months preceding the accident. On the day in question he did not enter the restaurant by passing between the rods supporting the canopy. He parked his car across the street to the east, crossed the street and walked west along the sidewalk to the entrance. After dining with his employer and two associates, the plaintiff and his friends left the restaurant, and walked to the curb. The plaintiff, without his attention being diverted from the conversation, bid his friends farewell. After looking both ways for traffic, the plaintiff started across the street when he tripped over the "tie-rod" and fell to the ground.
During the course of the plaintiff's deposition, he was shown four photographs marked defendant's deposition exhibits one to four, inclusive, for identification. These were photographs of the defendant's restaurant showing the rods and potted plants. The plaintiff testified that these photographs did not accurately represent the condition as it existed at the time of the accident. These photographs, which are attached to the record and bear the judge's initials, were "duly considered (by the trial judge) in the light of the testimony relating thereto." The judge filed a statement clarifying the record, and it recites that to his "best recollection" the photographs were handed to him at the hearing while counsel for both sides were present, and that "[i]t was agreed in substance that the court might consider the photographs as limited by the testimony in the record regarding the photographs."
The trial court, upon defendant's motion, granted a summary judgment in favor of the defendant. The plaintiff appealed and claims the trial court erred in granting the summary judgment, and should have allowed the case to go to trial. The plaintiff also claims the trial judge erred in considering the photographs.
Courts are cautious in granting summary judgments in negligence cases, the issue of negligence being ordinarily for the determination of a jury. Mt. Dora v. Bryant, Fla.App. 1961, 128 So.2d 4. Doubt on issues of negligence, including such related issues as contributory negligence, should always be resolved in favor of a jury trial. Bess v. 17545 Collins Ave., Inc., Fla. 1957, 98 So.2d 490. Even in negligence cases, however, when no genuine issue is presented, summary judgment may be properly granted. Jahn v. Tierra Verde City, Inc., Fla.App. 1964, 166 So.2d 768.
The owner, occupant or person in charge of the premises owes to invitees or business visitors thereon the duty of ex-exercising reasonable care to keep the premises in a reasonably safe and suitable condition. Elmore v. Sones, Fla.App. 1962, 140 So.2d 59; Matson v. Tip Top Grocery Co., 1942, 151 Fla. 247, 9 So.2d 366; 65 C.J.S. Negligence § 45, p. 526. He is not required to keep the premises absolutely safe, *613 Breeding's Dania Drug Co. v. Runyon, 1941, 147 Fla. 123, 2 So.2d 376, or in such condition that no accident could possibly happen to a customer. Matson v. Tip Top Grocery Co., supra.
The proprietor is also under a duty to warn invitees of any "latent" or "hidden" dangers which are known to him or should be known to him by the exercise of reasonable care. Andrews v. Goetz, Fla.App. 1958, 104 So.2d 653; Hall v. Holland, Fla. 1950, 47 So.2d 889. There is, however, no duty to warn the invitee against "patent" or "obvious" conditions which are not dangerous per se, Bashaw v. Dyke, Fla.App. 1960, 122 So.2d 507; Bowles v. Elkes Pontiac Co., Fla. 1952, 63 So.2d 769; Matson v. Tip Top Grocery Co., supra. An invitee is under a corresponding duty to exercise reasonable care for his own safety and to observe that which is obvious and may be seen by one exercising such care. Earley v. Morrison Cafeteria Co., Fla. 1952, 61 So.2d 477.
The question then becomes whether the "tie-rod" which the plaintiff tripped over was a "latent" or "hidden" danger or whether it was "obvious" and "patent." If it was "latent," the defendant would be negligent for failing to warn the plaintiff. However, if it was "obvious," then the defendant would not be negligent in failing to warn the plaintiff and the latter would be contributorily negligent for failing to observe that which is obvious.
"Latent dangers" are those which are not apparent from a casual observation of the premises, Kagan v. Eisenstadt, Fla. App. 1957, 98 So.2d 370. To constitute a hidden danger it must be hidden from the knowledge as well as from the sight and must be one which could not be discovered by the exercise of reasonable care. They are those dangers not seen or perceptible to the senses by their presence. 24 Words and Phrases 306.
The plaintiff, in his deposition stated that the "tie-rod" extended beyond the flower pot "eight or ten inches." This cannot be considered a "hidden" or "latent" danger, for if the plaintiff had exercised due care and had looked, he would have seen the "tie-rod." In failing to do so he was contributorily negligent, as a matter of law.
The plaintiff directs the Court's attention to Conwell v. Zayre of Miami, Inc., Fla. App. 1964, 161 So.2d 537. That case can be distinguished from the case at bar. In that case the object tripped over was a movable object, not a fixed one, and the plaintiff in the Conwell case was advised by the defendant's employee to proceed down the aisle where the accident occurred.
The rule that "[i]t is not contributory negligence to fail to look out for danger when there is no reason to apprehend any," Crosby v. Donaldson, 1928, 95 Fla. 365, 116 So. 231, has no application to the case at bar. The plaintiff relies upon Purdon v. Cohen, Fla.App. 1961, 126 So.2d 575, but that case also involved a movable object located in the aisle of a department store, and the plaintiff in that case was being led by one of the defendant's salesmen. The fact that an object is movable rather than fixed was expressly recognized as an important factor in determining whether a person should observe a hazard in Harold Corporation v. Herzberg, Fla. App. 1959, 110 So.2d 683.
As to the use of the photographs by the trial judge, we can find no error in that it appears that the trial judge merely considered them in the light of the testimony in the deposition relating thereto.
There being no genuine issue as to any material fact, the question of negligence and contributory negligence was properly resolved by the lower court, as a matter of law, and we find no error in the summary judgment entered.
Affirmed.
SHANNON, Acting C.J., and KANNER, (RET.), J., concur.