ANDREWS, Judge.
This is an appeal by Sherman L. Van-Horn, plaintiff, from a summary final judgment in an action for negligence granted Food Service Equipment, Inc., defendant.
Plaintiff entered defendant’s store for the purpose of making a purchase. He proceeded down an aisle to the rear of the store where it was necessary that he step-up from one level of the floor to another, a difference of eight inches. After making his purchase and proceeding to leave the store, his attention was distracted in observing merchandise displayed for sale. In the course of examining a tag plaintiff forgot that there was a step down in the floor, and as a result lost his balance and fell. From the photographs it is possible to observe that the upper level of the step was concrete, and the lower level is of a marbleized appearing asphalt tile.
The matter came on for consideration on defendant’s Motion for Summary Judgment on the pleadings, the depositions and photographs of the interior of defendant’s store..
*529 In Grail v. Risden, Fla.App.1964, 167 So. 2d 610, cert. dismissed Fla.1965, 174 So.2d 736, this court discussed the duties of a proprietor to keep the premises in a reasonably safe condition, and the invitee’s corresponding duty to exercise reasonable care for his own safety. In Milby v. Pace Pontiac Co., Fla.App.1965, 176 So.2d 554, opinion filed June 11, 1965, this court held that a jury could conclude that the defendant was negligent in maintaining multiple floor levels because of the “character, location [and] surrounding conditions” of the step-down. This recognized an exception to the general rule that “[i]t is not negligence per se to have in a store or other building one floor at a lower level by a few inches than another * * *" Milby v. Pace Pontiac Co., supra; Jahn v. Tierra Verde City, Inc., Fla.App.1964, 166 So.2d 768; Matson v. Tip Top Grocery Co., Inc, 1942, 151 Fla. 247, 9 So.2d 366.
In the Milby case, supra, the step-down in question was just inside the door leading into the store and the floors were of the same color and substance. Furthermore, there was a jury question as to whether the step-down, under the circumstances, constituted a hidden danger of which a warning should have been given. In the case sub jrtdice, the step-down was well within the building itself, the surfaces of the two floor levels were of different substances and therefore distinguishable, and before one could step down from the higher to the lower level it was necessary to traverse the step, since the higher level was towards the rear of the establishment.
We are of the opinion that the case at bar does not come within the exception announced in the Milby case and that it is controlled by the case of Matson v. Tip Top Grocery Co, Inc, supra. For these reasons we hold that the trial judge was correct in entering a summary final decree for the defendant.
Affirmed.
SHANNON, Acting C. J, and SMITH, J, concur.