JOHNSON, Judge.
The points before us on this appeal concern the question of liability on appellant’s part and the amount of the verdict returned by the jury upon which judgment was entered.
Mrs. Williams was upon the premises of the appellant attending a matinee dog race on the date of the accident. She was returning to her seat after placing a bet on the seventh race when the heel of her shoe ■caught in an expansion joint crack in the concrete floor near the area where Mrs. Williams had been sitting. She fell to the floor, suffering a comminuted fracture of the arm and a compressed fracture of the twelfth thoracic vertebra. The injuries required a seven day hospitalization period and the nature of the injuries were such that she had to remain continuously in a sitting position for twenty-three days following the fall.
The aftermath of the accident left Mrs. Williams with a limitation of motion in her arm which prevents her from dressing herself without the help of another. Also, she will suffer pain and discomfort when she tries to bend forward too much and during changes in the weather. There was expert testimony that in areas of a fracture in the spine arthritic spurs tend to develop earlier and tend to be larger than in areas of the spine where there has been no fracture. Upon the advice of her physician Mrs. Williams is to use a walking cane for balance and to act as a guard against a fall or sitting down too hard. The evidence establishes that Mrs. Williams is not able to perform all the household duties due to the impairment in her motion and maid services required. The medical expenses incurred as a consequence of the accident were close to $550.00.
The issues of liability and the amount of damages were submitted to a jury for their determination and a verdict returned in favor of Mrs. Williams for $30,000 and in favor of Mr. Williams for $10,000.00. Appellant’s motions for judgment notwithstanding the verdict and for new trial were denied and this appeal taken.
There was evidence that the expansion joints had originally been filled with oakum and pitch when the dog track was opened in 1946, but that nothing has been done since that time to replace the substance in areas where it has worn away. Photographs were introduced into evidence showing the expansion joint crack where the fall occurred. These pictures depict that the expansion joint crack crossed the aisle where Mrs. Williams had to walk to reach her seat. The filling substance in that crack has for the most part worn away, leaving a depression in the concrete floor where the heel of Mrs. Williams’ shoe caught as she was making her way to the spectator benches.
It is the contention of appellant that since the crack was not inherently dangerous but was obvious, that it had no duty to warn Mrs. Williams of the likelihood of any danger involved in walking on its floor. Appellant contends that Mrs. William* failed to use due care in looking out for her own safety.
We think that the issue of liability was properly submitted to the jury. We quote with approval the following language in the Supreme Court’s decision of City of Jacksonville v. Stokes, 74 So.2d 278 (Fla.1954):
“ * * * The mere fact that a hole is big enough to see does not settle the question whether one should have avoided stepping into it. If visibility alone settled contributory negligence every case of slipping on a floor or of encountering any stationary object would automatically be a case of non-liability for in all these cases the condition which caused the harm was visible. The question always is whether the plaintiff used due care for *630 his own safety, taking into account all the circumstances, of which the visibility of the object encountered is an important one, but still only one of the circumstances.
“The question is whether one should be aware of the danger. This depends largely upon the likelihood of encountering danger. Very rarely do objects from above cause us harm, so persons are not careless who do not go about examining the sky. One need not look for danger unless there is reason to expect it.”
The testimony adduced at the trial is consistent with a finding by the jury that Mrs. Williams exercised that degree of due care to be expected by a reasonable and prudent person in caring for his or her own safety and that in this instance Mrs. Williams was not guilty of contributory negligence. Isenberg v. Ortona Park Recreational Center, Inc., 160 So.2d 132 (Fla.App. 1st, 1964).
As for the monetary award fixed by the jury we feel that we are not in a position to disturb the amount which the jury fixed as compensation to the appellees and which amount was then approved by the trial judge who heard all the evidence in the case, and observed the witnesses. Although we might not have assessed the damages in the same amount had each of us been a juror in this case, as appellate judges reviewing the case we are not invested with the authority to step in and discard the amount fixed by the jury and substitute our own judgment therefor.
One of the grounds raised in appellant’s motion for new trial was that the verdict returned by the jury was a quotient verdict. Upon a hearing on the matter it was determined that such was not the case. At that hearing the foreman of the jury testified that originally he was for returning a higher verdict than was ultimately rendered in this cause. He stated that he reached his figures by initially determining a per diem amount which he felt to be adequate compensation and then used the life expectancy figures which were introduced into evidence to come up with the total' amount of damages he felt should be given. Appellant has made no showing that the jury was influenced by passion, prejudice, corruption or any other improper motive or that the verdict was clearly arbitrary, nor does the award appear to be so excessive as to shock the judicial conscience. Such being the case this court has no alternative-but to let stand the amount awarded by the jury. Little River Bank and Trust Co. v. Magoffin, 100 So.2d 626 (Fla.1958); Wise v. Jacksonville Gas Corp., 97 So.2d 704 (Fla.App. 1st, 1957).
No reversible error having occurred in the trial of this cause the judgment appealed from is hereby affirmed.
WIGGINTON, Acting C. J., and SACK, J., concur.