RAWLS, Chief Judge.
In this negligence action plaintiffs Murdochs appeal from a final judgment entered pursuant to defendant’s motion for judgment in accordance with its previous motion for directed verdict The Mur-dochs in their complaint attempted to allege negligence on the part of the City of Jacksonville Beach upon the theory that when the street level was lowered, the City was negligent in allowing the sidewalk to remain nine inches higher than the new curbing, which formed part of the one step between the sidewalk and the street level. The step was clearly visible, and a yellow "safety stripe” was painted on the edge of the sidewalk. The Murdochs concluded that this constituted a hazardous dropoff knowingly created and maintained by the City for several years and was the proximate cause of Mrs. Murdoch’s injury. There was no proof of any hole, crack or other defect in the sidewalk which caused Mrs. Murdoch to fall. Steps and elevated floor levels are common in public places, and when readily visible do not constitute negligence per se.[1] A careful examination of the transcript of testimony fails to reveal any competent evidence of negligence on the part of the City proximately causing the injury suffered by Mrs. Murdoch. The only error committed by the trial judge was his failure to grant the motion for directed verdict at the conclusion of plaintiffs’ case.
The judgment is affirmed.
JOHNSON and SPECTOR, JJ., concur.

. Matson v. Tip Top Grocery Co., 151 Fla. 247, 9 So.2d 366 (1942), and Van Horn v. Food Service Equipment, Inc., 177 So.2d 528 (Fla.App.2d, 1965).