204 So.2d 16 (1967)
MAAS BROS., INC., a Corporation, Appellant,
v.
E. Merwin BISHOP and Lake Wales Bank & Trust, As Executor of the Estate of Jean L. Bishop, Deceased, Appellees.
No. 7446.
District Court of Appeal of Florida. Second District.
November 8, 1967.
Rehearing Denied November 30, 1967.
*18 John R. Bush, of Macfarlane, Ferguson, Allison & Kelly, Tampa, for appellant.
James M. McEwen, of Gibbons, Tucker, McEwen, Smith & Cofer, Tampa, for appellees.
SHANNON, Judge.
Maas Bros., Inc., defendant below, appeals from a judgment entered on a jury verdict awarding damages to E. Merwin Bishop and Lake Wales Bank & Trust in a suit arising out of a fall sustained by Mr. Bishop's deceased wife. (Her death was in no way caused by the fall.) Mrs. Bishop allegedly fell when she slipped on a step in appellant's Tampa store, more specifically on a checkered metal strip which had become slick with wear.
Appellant assigns as error the trial court's denials of its motion to dismiss appellees' third amended complaint, its motions for directed verdict, its motion to set aside the verdict and enter judgment in accordance with its motion for directed verdict, and its alternative motion for new trial. It argues that appellees failed to prove a prima facie case, that Mrs. Bishop was contributorily negligent as a matter of law, that appellees' complaint failed to state a cause of action, and that the trial court erroneously overruled its objection to certain expert testimony offered by appellees.
Appellant contends that appellees failed to prove a prima facie case in that they made no showing of negligence on the part of appellant. It is axiomatic that while a business proprietor is not an insurer of the safety of his invitees, he does owe them the duty to exercise reasonable care to keep his premises in a reasonably safe condition. Matson v. Tip Top Grocery Co., 1942, 151 Fla. 247, 250, 9 So.2d 366, 368; Miami Coin-O-Wash, Inc. v. McGough, Fla.App. 1967, 195 So.2d 227, 228; Grall v. Risden, Fla.App. 1964, 167 So.2d 610, 612-613, cert. denied per curiam, Fla. 1965, 174 So.2d 736. This duty includes warning them of latent defects known to him or discoverable by him through the exercise of reasonable care. Hickory House, Inc. v. Brown, Fla. 1955, 77 So.2d 249, 252; Messner v. Webb's City, Inc., Fla. 1952, 62 So.2d 66, 67; North Broward Hosp. Dist. v. Adams, Fla.App., 143 So.2d 355, 356, cert. denied mem., Fla. 1962, 149 So.2d 47, 97 A.L.R.2d 819; Wallace v. Boca Raton Properties, Inc., Fla. App. 1958, 99 So.2d 637, 639. Appellant argues that a showing by appellees that it breached its duty to Mrs. Bishop, an invitee, required proof that the step upon which she allegedly slipped was improperly constructed. Merely permitting the metal strip to become slippery, appellant contends, was as a matter of law not a breach of such duty.
In support of this argument appellant strongly urges the applicability of Bucholtz v. City of Jacksonville, Fla. 1954, 72 So.2d 52. In Bucholtz the Florida Supreme Court, in affirming the dismissal of a complaint for its failure to state a cause of action, held that the bare allegation that the City had permitted the treads of the steps outside of its city hall to become worn slick and smooth, and that by reason of such condition the plaintiff therein had slipped and fallen, was insufficient to state a cause of action. 72 So.2d at 53. The Court did indicate, as appellant suggests, that an allegation that the steps had been improperly constructed would have saved the complaint, but it also indicated that an allegation that the steps had contained a hidden defect would have done likewise. 72 So.2d *19 at 52-53. The Court, then, was stating that an allegation of improper construction would have been sufficient, not that it was necessary. Thus, appellees here, in light of Bucholtz, could have shown negligence on the part of appellant by proving either that the step was improperly constructed or that it contained a hidden defect of which appellant was aware or should have become aware in the exercise of reasonable care for the safety of its patrons.
Appellant contends that appellees failed to establish a prima facie case in a second respect, namely, that a finding that Mrs. Bishop's fall was proximately caused by negligence on appellant's part could be based only on conjecture and the stacking of interdependent inferences. Proof that Mrs. Bishop's slip and fall was proximately caused by appellant's negligence required proof of three evidential facts: (1) Mrs. Bishop in fact slipped on the metal strip; (2) the strip was dangerously slick; and (3) such slickness was the cause of her slipping. Appellant argues that the jury could only infer these three facts from the evidence presented by appellees. We disagree as to the first two.
First, Mrs. Clarenden, the only person who saw Mrs. Bishop fall, testified on direct examination as follows:
"A. I saw her right foot give way and slide along the top of the step, and then she fell * * *.
"Q. Did you notice whether or not her foot, at the time was sliding, her right foot was on this metal rail * * *?
"A. It was, she had just gotten up on that."
Thus, there was definite evidence to the effect that Mrs. Bishop slipped on the metal strip. On cross-examination Mrs. Clarenden testified:
"Q. You weren't watching Mrs. Bishop's feet as she walked along?
"A. No, I wasn't.
* * * * * *
"Q. And your eyes were straight ahead and you were looking inside the body of the store when you first were aware that something took place with respect to Mrs. Bishop?
"A. That's right.
* * * * * *
"Q. So that you were not watching her feet as she approached the step, nor were you watching her feet as you prepared to step up the step?
"A. No, I wasn't.
"Q. The thing that attracted your attention, the first thing you knew was she was losing her balance, is that right?
"A. Yes, right."
This apparent discrepancy, however, went only to the credibility of her testimony and was a factor to be considered by the jury alone. The trial court was not permitted to consider it for purposes of ruling on appellant's motions for directed verdict or its motion to set aside the verdict. Massaline v. Rich, Fla.App., 137 So.2d 10, 12-13, cert. denied mem., Fla. 1962, 143 So.2d 492. Thus, Mrs. Clarenden's testimony that Mrs. Bishop slipped on the metal strip had probative value toward appellees' proof of a prima facie case.
Secondly, Mrs. Clarenden and Mr. Bishop both testified that after the accident they had run their feet along the metal strip and had found it to be quite slick. Thus, there was also distinct evidence to the effect that the strip was dangerously slick. Although Mr. Bishop admitted on cross-examination that if he had put his foot on the step in a normal manner he could have walked over it, such admission had the same effect for purposes of a motion for directed verdict as did the above discussed discrepancy in Mrs. Clarenden's testimony. Massaline v. Rich, supra at 12-13.
It is seen, then, that there was actual evidence both to the effect that Mrs. Bishop *20 slipped on the metal strip and to the effect that the strip was dangerously slick. The jury was left with the single permissible inference that the slickness of the strip caused Mrs. Bishop to slip. Accordingly, the trial court would have erred if it had granted appellant's motions for directed verdict or its motion to set aside the verdict on the ground that appellees had failed to prove a prima facie case.
To be considered next is appellant's allegation that Mrs. Bishop was contributorily negligent as a matter of law. As grounds therefor appellant submits that Mrs. Bishop had used the step in question without incident on several prior occasions, that the presence of the metal strip was obvious, and that whatever danger there may have been was patent. The test applicable here was lucidly enunciated by the Florida Supreme Court in City of Jacksonville v. Stokes, Fla. 1954, 74 So.2d 278, as follows:
"* * * If visibility alone settled contributory negligence every case of slipping on a floor or of encountering any stationary object would automatically be a case of non-liability for in all these cases the condition which caused the harm was visible. The question always is whether the plaintiff used due care for his own safety, taking into account all the circumstances, of which the visibility of the object encountered is an important one, but still only one of the circumstances.
"The question is whether one should be aware of the danger. This depends largely upon the likelihood of encountering danger. * * * One need not look for danger unless there is reason to expect it."
74 So.2d at 278-279; accord, Pensacola Greyhound Racing, Inc. v. Williams, Fla. App. 1967, 193 So.2d 628, 629-630; Milby v. Pace Pontiac, Inc., Fla.App. 1965, 176 So.2d 554, 556, cert. dismissed per curiam, Fla. 1966, 185 So.2d 467; Hanson v. Shell's City, Inc., Fla.App. 1961, 133 So.2d 573, 574, cert. dismissed per curiam, Fla. 1962, 139 So.2d 406. The question, then, is whether Mrs. Bishop was exercising due care for her safety at the time she fell. If the answer is to be couched in terms of the "latency" or "patency" of the danger, "latent" must be defined as indiscernible by the exercise of reasonable care, or, more specifically, upon casual observation of the premises. Milby v. Pace Pontiac, Inc., supra, 176 So.2d at 557; Grall v. Risden, supra, 167 So.2d 610 at 613. Such language precludes the finding that Mrs. Bishop was contributorily negligent as a matter of law. This is not a case of tripping on a step or metal strip thereon, where the condition causing the fall is obvious to the sight. See, e.g., Earley v. Morrison Cafeteria Co. of Orlando, Fla. 1952, 61 So.2d 477; Matson v. Tip Top Grocery Co., supra; Van Horn v. Food Serv. Equip., Inc., Fla.App. 1965, 177 So.2d 528; Grall v. Risden, supra. It was the alleged slickness of the metal strip that was the dangerous condition, not its location or very existence. Whether such condition was discernible upon casual observation of the premises was a question properly submitted to the jury for determination.
Our conclusions that appellees proved a prima facie case and that Mrs. Bishop was not contributorily negligent as a matter of law foretell our answer to appellant's contention that appellees' third amended complaint failed to state a cause of action. The trial court correctly overruled appellant's motion to dismiss.
Appellant's final allegation of error is the admission of certain testimony given by Joseph Russello, an architectural engineering consultant. Over appellant's objection Mr. Russello was permitted to testify that in his opinion the metal strip would have become worn slick in a matter of weeks. Appellant contends that the admission of such testimony was error because there had been no prior showing of what precipitated Mrs. Bishop's fall. We, in effect, answered this contention adversely to appellant when we said that Mrs. Clarenden's *21 testimony had probative value to the effect that Mrs. Bishop slipped on the metal strip. Nor was Mr. Russello's testimony objectionable on the ground that it was the expression of an opinion as to an ultimate fact in the case, i.e., appellant's negligence. The modern trend is to make no distinction between evidential and ultimate facts as subjects of expert testimony and to instruct the jury that they are not bound by the expert witness's conclusions. North v. State, Fla. 1952, 65 So.2d 77, 88, aff'd mem., 1954, 346 U.S. 932, 74 S.Ct. 376, 98 L.Ed. 423; Millar v. Tropical Gables Corp., Fla.App. 1958, 99 So.2d 589, 591. The jury below was so instructed.
Appellant also objected to the admission of Mr. Russello's testimony that the proximity of the step in question to the doors leading to the street was not in compliance with good architectural practice. Admission of such testimony was error, appellant contends, because there was no showing that this proximity had anything to do with Mrs. Bishop's fall. It should be noted that mention of such proximity was made only once in the presence of the jury. Furthermore, nothing relating to it was submitted to the jury by the trial court in its instructions. We consider logical the rule that the improper admission of evidence on a certain issue does not constitute reversible error where such issue is not submitted to the jury for their determination. See Daniels v. Bloomquist, Iowa 1965, 138 N.W.2d 868, 875; Wissmann v. Pearline, 1940, 235 Mo. App. 314, 135 S.W.2d 1, 5-6; Tebay v. Morrison, Tex.Civ.App. 1940, 139 S.W.2d 226, 227; Carmin v. Port of Seattle, 1941, 10 Wash.2d 139, 116 P.2d 338, 341. When instructing the jury, the trial court ignored the proximity question and made no mention of tripping. It confined its remarks, as far as they related to the manner in which Mrs. Bishop fell, to the question of whether or not she had slipped on the metal strip. This fact, when taken in conjunction with the fact that Mr. Russello mentioned proximity but once, indicates that the admission of such testimony, if error, was harmless, and was not ground for granting a new trial. Fla. Stat., Sec. 54.23, F.S.A.
Thus, we find that no reversible error was made in the admission of the opposed testimony. Accordingly, appellant's motion for new trial on that ground was properly denied.
Having found no error in the proceedings below, we affirm the judgment appealed.
Affirmed.
LILES, C.J., and ADAMS, GEORGE E., Associate Judge, concur.