McCAIN, Judge
(dissenting).
I must respectfully dissent.
Defendant church appeals from a judgment for plaintiff upon personal injuries sustained by her resulting from a fall on church premises, the plaintiff having filed a remittitur, conditioned by the trial judge, of $20,000.00 to a jury verdict of $37,950.00. I would affirm.
The facts are succinctly stated in the majority opinion, i. e., plaintiff going into chuch sanctuary to show kneeling pads to a friend; taking two steps up to raised altar where pads were located; leaving altar area through dark and unlighted hallway leading to social hall; hallway being on level with altar and having two steps down to level of social hall; the door leading from altar into the hallway being completely open and pushed back against the wall, thereby rendering not visible a sign on it reading, “Caution — Steps”. It is equally clear this was the plaintiff’s first attempt to walk through the hallway. She did know of the steps and did not see them, but was feeling her way along by holding one hand against the wall. The switch to the light was in the middle of the hallway and could not be reached from either end without first stepping into the hallway. The steps down were located nearer the altar than the social hall. Upon reaching the steps plaintiff fell with resultant injuries.
The plaintiff’s status was that of a licensee placing her within the purview of the standard that a duty arises from a defendant to a licensee to warn of a defect or condition known to be dangerous when such danger is not open to ordinary observation by the licensee. McNulty v. Hurley, Fla.1957, 97 So.2d 185. That the steps in the hallway could constitute a dangerous condition not open to ordinary observation is obvious. Why else would a light be placed in this otherwise dark hallway or signs posted on the doorways alerting and cautioning persons to the presence of the stairs. The plaintiff was certainly no trespasser since the hallway was available to and used by other members of the church. With the hall unlit and cautionary signs not visible and with the plaintiff traversing it for the first time, the issue is raised whether the defendant breached a duty owed to the plaintiff.
The majority concludes that the plaintiff’s injuries were caused solely by the existence of the steps and not through any defect in the manner in which the steps were constructed or maintained. The hallway and steps were constructed of the same material with the steps not being located at the extremes of the hallway but off center favoring the altar side. With the light not on, the hallway was dark. These facts come within the rule enunciated in Milby *785 v. Pace Pontiac, Inc., Fla.App.1965, 176 So.2d 554, 556, as follows:
“ * * * It ¡s no(. negligence per se to have in a store or other building one floor at a lower level by a few inches than another, nor does it amount to negligent construction, unless the character, location or surrounding conditions of the step-down is such that a prudent person would not be likely to anticipate it. * * *»
As Milby concluded, I conclude here that the character, location and surrounding conditions of the steps and hallway could justify reasonable men in concluding that the defendant was negligent. See also Van Horn v. Food Service Equipment, Inc., Fla.App.1965, 177 So.2d 528.
The foregoing, however, is not dispositive of whether plaintiff was guilty of contributory negligence as a matter of law.
The majority relies heavily upon Delany v. Breeding’s Homestead Drug Co., Fla.1957, 93 So.2d 116, and quotes extensively therefrom in furtherance of the general rule that unless a person has a right to expect the area over which he is passing to be free of the defect or obstruction, he proceeds at his peril and as a matter of law is guilty of contributory negligence if he moves into a strange and unfamiliar area in darkness. In reviewing Delany, however, we must bear in mind that it reversed a summary judgment for defendant in action by plaintiff for injuries sustained as a result of tripping in the dark over bumper logs bordering defendant’s parking lot. In determining that those facts were in a “twilight zone” with the real issue on the question of negligence or contributory negligence being whether the plaintiff had a right to assume that the course she took would not be encumbered, Justice Thornal also stated the exception to the general rule in this language:
“ * * * [I] f the person injured has a right to assume that the area over which he travels is free of defects or obstructions, then the presence of controlling darkness will not convert his action into contributory negligence as a matter of law if he does no more than to rely on the normal and reasonable assumption that there are no dangerous defects or obstructions. * * * ”
In the principal “step” cases cited in Delany and holding contributory negligence as a matter of law, the plaintiffs were actually using the nondefective instrumentality that caused their injuries, i. e.,.stairs, whereas the plaintiff sub judice was attempting to negotiate a dark hallway and encountered the steps. See also Tybee Amusement Co. v. Odum, 1935, 51 Ga.App. 1, 179 S.E. 415.
I feel the church’s contention is also answered by Rubey v. William Morris, Inc., Fla.1953, 66 So.2d 218, 220, through the following language:
“But we also recognize the exception to that rule stated as follows: ‘Under some circumstances, however, there may be a question for the jury rather than contributory negligence as a matter of law. This situation exists when the facts permit a finding that the injured party’s conduct had its basis in a reasonable expectation.’ Sherman & Redfield on Negligence, supra, section 131. Such an exception is applicable, we think, under circumstances which permit a finding that the injured party’s conduct had its basis in a reasonable expectation that no danger was to be apprehended in a given situation ; for it is not contributory negligence to fail to look out for danger when there is no reason to apprehend danger. J. G. Christopher Co. v. Russell, 63 Fla. 191, 58 So. 45; Mertz v. Krueger, Fla., 58 So.2d 160. In other words, contributory negligence may be a jury question ‘where the injured person had possibly some right to assume that the place was safe.’ ” The church cites authority in support of
its position that plaintiff did not have the right to expect or assume that the hallway would be free of steps, because it is common knowledge that there are steps and uneven *786 floor levels in many public places.[1] The church contends that since plaintiff had earlier negotiated two steps up to the level of the altar, she was on notice that she would have to step down two steps in going from the altar to the social hall. I do not agree. Assuming negotiation of two steps up carries notice of having to negotiate two steps down, it does not necessarily carry the assumption the steps will be located in the near middle of a dark hallway.
Whether plaintiff had the right to assume that the hallway would be free of the drop-off which caused her injury was, under the facts of this case, a question for the jury. Delany v. Breeding’s Homestead Drug Co., supra.
The trial court was correct in denying both the church’s motion for summary judgment and motions for directed verdict, and in submitting to the jury the issue of plaintiff’s contributory negligence. Budgen v. Brady, Fla.App.1958, 103 So.2d 672.
The church’s remaining point concerns the refusal of the trial court to give one of its requested instructions to the jury. The substance of the requested instruction was adequately covered by those given by the court.
I would therefore affirm.

.Hoag v. Moeller, Fla.1955, 82 So.2d 138; Bowles v. Elkes Pontiac Co., Fla.1953, 63 So.2d 769; Matson v. Tip Top Grocery Co., 1942, 151 Fla. 247, 9 So.2d 366; Jahn v. Tierra Verde City, Fla.App.1964, 166 So.2d 768.