266 So.2d 682 (1972)
PENSACOLA RESTAURANT SUPPLY CO., Inc. and Insurance Company of North America, Appellants,
v.
Verna Mae DAVISON and J.L. Davison, Appellees.
No. Q-313.
District Court of Appeal of Florida, First District.
September 14, 1972.
Rehearing Denied October 13, 1972.
*683 Robert P. Gaines, of Beggs, Lane, Daniel, Gaines & Davis, Pensacola, for appellants.
Haygood Thornton, of Hipsh & Thornton, Pensacola, for appellees.
JOHNSON, Judge.
In this negligence action, appellants appeal from a final judgment, entered pursuant to a jury verdict, awarding appellees $11,000.00 for injuries sustained when Mrs. Davison fell in appellant's store.
There are two issues presented for our consideration. The first is whether a verdict should have been directed for appellants under the theory that a mere change in elevation of the floor of a public place cannot constitute negligence as long as it is open and obvious. The second issue is whether the trial court erred in instructing the jury that such a change in elevation can become negligence depending upon circumstances, *684 surroundings and other distracting elements or physical features.
The facts of this case are not in dispute. Mrs. Davison was a customer in appellant's store for the purpose of purchasing items which were on display. She had already selected certain items for purchase and was proceeding north toward another area which contained merchandise displayed on a higher level when she struck her toe on the edge of a wooden platform and tripped and fell, sustaining injuries. The floor to the south of the platform was covered with asphalt tile primarily gray in color with some other colors in it. The platform, which was two and one half inches high, was made of wood. The top surface of the platform was painted yellow and the edge of the platform was painted black.
Appellants first state the general rule that a change in elevation cannot constitute negligence unless it is in some way hidden or concealed. It is contended that inasmuch as this particular change in elevation was open and obvious, a verdict should have been directed for the appellants. We do not agree and feel that the issue was one for determination by the jury.
It is common knowledge that there are steps and uneven floor levels in many public places. When these are readily visible, they do not constitute negligence per se on the part of the proprietor. Matson v. Tip Top Grocery Co., Inc., 151 Fla. 247, 9 So.2d 366 (1942); Murdoch v. City of Jacksonville Beach, 197 So.2d 845 (Fla. App. 1st, 1967). There is no duty to warn of an obvious condition which is not in itself dangerous. A customer is obligated to exercise a reasonable degree of care for his own safety, which includes observing the obvious and apparent condition of the premises. In cases such as the one presently under consideration, the whole issue is whether the proprietor exercised ordinary care to protect its patrons from injury. It must be determined whether or not the step-down or, as in this case, the step-up, under the circumstances, constituted a hidden danger of which a warning should have been given. It must further be determined whether or not the patron exercised reasonable care for his own safety. These are matters to be decided by a jury under appropriate instructions from the court. Van Horn v. Food Service Equipment, Inc., 177 So.2d 528 (Fla.App. 2nd, 1965); McRae v. Winn-Dixie Stores, Inc., 227 So.2d 214 (Fla.App. 4th, 1969).
This then brings us to the second point on appeal herein, to wit: did the trial judge properly instruct the jury? The instruction given to the jury was as follows:
"It is not negligent to have in a store or other building one floor at a level a few inches different from another floor as long as the difference in elevation is not hidden or concealed, but such may become negligence depending upon circumstances and surroundings and other distracting elements or physical features."
Appellant contends that it was error to instruct the jury that an elevation change can become negligence if there are "other distracting elements or physical features." With this contention, we agree.
An exception to the general rule that it is not negligence per se to have in a store or other building one floor at a lower level by a few inches than another was recognized in the case of Milby v. Pace Pontiac, Inc., 176 So.2d 554 (Fla. App. 2nd, 1965). Said exception is that a jury could conclude that the proprietor was negligent in maintaining multiple floor levels if the "character, location or surrounding conditions of the step-down is such that a prudent person would not be likely to anticipate it." Hence, insofar as the instruction above cited spoke of "circumstances and surroundings", we find no error. However, the instruction also listed "other distracting elements or physical features" as a permissible predicate for a finding of negligence on the part of appellants herein. This, we feel, was clearly error.
Here, it was argued that the surrounding merchandise, which was displayed *685 about eight feet above the floor level, created a distracting element. The "distraction rule" is that a person may not be guilty of contributory negligence, even though he had a previous opportunity to avoid a dangerous condition, if his attention is diverted from the known danger by a "sufficient cause." Deane v. Johnston, 104 So.2d 3 (Fla. 1958). In discussing this rule, Judge Sturgis, speaking for this Court in Bashaw v. Dyke, 122 So.2d 507 at 511 (Fla.App. 1st, 1960) stated:
"Diversion of attention as contemplated by the rule is to be distinguished from a mere lack of attention by reason of voluntary interest in some collateral matter. The fact that one momentarily forgets the existence of a hazard or fails to pay any attention to what he is doing, with nothing to distract his attention from it, is no excuse for his failure to observe the hazard and the diversion rule is not applicable under such circumstances."
And, as stated in Allied Business Association, Inc. v. Saling, 227 So.2d 712 (Fla. App. 4th, 1969), a sufficient distraction, as contemplated by the rule, is one emanating from some external source and involving some sudden disturbing cause or some urgency.
Here, it is clear that if Mrs. Davison's attention was diverted or distracted at all, it was due to a preoccupation with concentrating on other items of merchandise on display. A lack of attentiveness to one's surroundings due to a preoccupation of this sort is not sufficient cause to invoke the distraction rule. An instruction to the jury must be predicated upon facts in evidence, and a charge on an issue as to which no evidence has been submitted will constitute error. Bessett v. Hackett, 66 So.2d 694 (Fla. 1953). The evidence in this case was insufficient to justify this charge and its effect was to permit the jury to relieve Mrs. Davison of the contributory negligence, assuming negligence on the part of appellants, of which the jury might have otherwise found her guilty. Inasmuch as this instruction went to the very essence of the case, to wit: the duties owed by the respective parties; the error cannot be considered harmless and appellants are entitled to a new trial.
One further point needs to be brought out herein. Appellees contend that had the "distraction" modification not been added to the court's charge to the jury, the charge would have been tantamount to a directed verdict and would have precluded a finding for appellees under any and all circumstances. We feel that, on the contrary, to allow such a charge to go to the jury under facts similar to the facts herein would amount to directing verdicts for plaintiffs who fall in stores because of changes in elevations, for in all such stores there obviously are displays of merchandise. As noted above, the matters to be determined by a jury are whether the elevation constitutes a hidden danger of which a warning should be given and whether, under all the circumstances, the patron exercised reasonable care for his own safety.
The judgment is reversed and the cause is remanded for a new trial.
CARROLL, DONALD K., Acting C.J., and RAWLS, J., concur.